UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allanna Warren,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>The City of Las Vegas, Nevada; the County of Clark, Nevada; Las Vegas Metropolitan Police Department, et al.<br><br>　　　　　　　　Defendants. | Case No. 2:23-cv-00065-GMN-DJA<br><br>**Order<br>&<br>Report and Recommendation** |

　　　　This is a civil rights action arising out of Plaintiff Allanna Warren's allegations that the Las Vegas Metropolitan Police Department ("LVMPD") is stalking her. On May 23, 2023, Plaintiff filed an amended complaint without first seeking leave to amend. On June 12, 2023, LVMPD moved to strike the amended complaint (ECF No. 42) or, in the alternative, to dismiss it (ECF No. 43). Since then, Plaintiff has filed eighteen motions (ECF Nos. 44, 45, 49, 53, 55, 72, 74, 79, 80, 81, 85, 96, 102, 105, 109, 111, 122, and 123) and eleven supplements or affidavits (ECF Nos. 54, 86, 93, 97, 98, 106, 107, 108, 116, 117, and 124). LVMPD moves the Court to declare Plaintiff a vexatious litigant. (ECF No. 82).

　　　　Because the Court finds that that Plaintiff's amended complaint was improperly filed, it recommends granting LVMPD's motion to strike (ECF No. 42) and denying LVMPD's motion to dismiss (ECF No. 43). Because the Court finds that Plaintiff has demonstrated a pattern of litigation that is vexatious, but that Plaintiff is entitled to notice and an opportunity to be heard, it grants in part and denies in part LVMPD's motion to declare Plaintiff a vexatious litigant. (ECF No. 82). The Court will further order Plaintiff to show cause why she should not be declared a vexatious litigant. Because the Court finds that Plaintiff's various motions are without merit, it denies or recommends denying each of them. (ECF Nos. 44, 45, 49, 53, 55, 72, 74, 79, 80, 81, 85, 96, 102, 105, 109, 111, 122, and 123). The Court will also grant LVMPD's motion to quash

Plaintiff's subpoena because the subpoena was procedurally improper (ECF No. 112) and will grant LVMPD's motion to strike Plaintiff's sur-reply (ECF No. 121).

I. **Factual background.**[1]

Plaintiff alleges that she was unlawfully arrested in June of 2020 by the Sparks Police Department while she lived in Reno. (ECF No. 1-1 at 3). Plaintiff later moved to Las Vegas in 2021. Plaintiff alleges that the Sparks Police Department released her booking photo—in which Plaintiff is bald due to her alopecia—to her new employer in Las Vegas to embarrass her. Plaintiff also alleges that LVMPD was also somehow involved in releasing her booking photo to her employer and that she "has been the victim of a wide variety of suspicious behavior at the hands of [LVMPD] since having moved…" (*Id.* at 10).

Plaintiff alleges that, while moving, U-Haul lost her property and informed her that it was working with the police in Reno and Las Vegas to recover it. (*Id.* at 11). However, Plaintiff alleges that U-Haul eventually paid Plaintiff a settlement and returned her property. (*Id.* at 11). Plaintiff adds that LVMPD "became aware of the Airbnb where [Plaintiff] and her mother were staying in Las Vegas prior to moving…[and] cased the outside of [Plaintiff's] Airbnb on two separate times on the same day." (*Id.*). Plaintiff alleges that she "regularly finds herself followed by both uniformed and plain clothes [LVMPD] officers when she leaves her apartment building by car." (*Id.*). She asserts that her "internet connection has been intercepted by, on information and belief, [LVMPD]," because she has not paid for her internet since February of 2022 and when she called her internet provider, an unidentified person told her that her internet "was paid by a police account" and then "the line went dead." (*Id.* at 11-12). Plaintiff asserts that the property managers at her apartment "skimmed" videos from Plaintiff's "*own* surveillance cameras operating on [Plaintiff's] *own* WiFi connection to attempt to prosecute [Plaintiff] for alleged violations of community standards." (*Id.* at 21) (emphasis in original). Apparently

---

[1] Because LVMPD is the only active Defendant in this case, the Court recites the facts that relate to LVMPD only.

suggesting a connection, Plaintiff then alleges that "[LVMPD] has banged on [Plaintiff's] door at least twice, allegedly at the behest of a neighbor." (*Id.*).

## II.     Procedural background.

After Plaintiff failed to respond to LVMPD's motion to dismiss, the Court granted the motion to dismiss and entered judgment in favor of LVMPD. (ECF No. 11). Plaintiff moved to vacate the Court's order, maintaining that she was never served "any paperwork pertaining to this proceeding." (ECF No. 14 at 1). The Court noted that a procedural error caused the Court not to enter the minute order regarding the requirements of *Klingele v. Eikenberry*, 829 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (ECF No. 37). That minute order provides *pro se* plaintiffs with notice that their failure to respond to a motion constitutes their consent to the granting of the motion under Local Rule 7-2(d). Because this minute order was not entered, the Court granted Plaintiff's motion to vacate. (ECF No. 37). The Court thus ordered that "[t]he Clerk of Court is instructed to re-open the case. Defendant may re-file its Motion to Dismiss once the case is re-opened." (*Id.* at 6). The next day, Plaintiff filed an amended complaint without moving to amend. (ECF No. 38).

LVMPD moves to strike the amended complaint or, in the alternative, to dismiss it. (ECF Nos. 42, 43). Since LVMPD filed those motions, Plaintiff has filed eighteen motions (ECF Nos. 44, 45, 49, 53, 55, 72, 74, 79, 80, 81, 85, 96, 102, 105, 109, 111) and numerous affidavits and supplements in support of those motions. LVMPD moved the Court to declare Plaintiff a vexatious litigant on August 14, 2023. (ECF No. 82). LVMPD later moved to quash a subpoena that Plaintiff served on it for being procedurally improper (ECF No. 112) and moved to strike one of Plaintiff's motions as an improper sur-reply (ECF No. 122).

## III.    Discussion.

> **A.    The Court grants in part and denies in part LVMPD's motion to declare Plaintiff a vexatious litigant (ECF No. 82) and orders Plaintiff to show cause why she should not be considered a vexatious litigant.**

LVMPD moves for the Court to declare Plaintiff a vexatious litigant. (ECF No. 82). However, Ninth Circuit authority requires that the Court first give a litigant notice and a chance to

be heard before entering a vexatious litigant order. *See De Long v. Hennessy*, 912 F.2d 1144, 1147 (9th Cir. 1990). The Court thus denies LVMPD's motion in part to the extent it asks the Court to declare Plaintiff a vexatious litigant without notice and an opportunity to be heard and grants it in part because the Court will order Plaintiff to show cause why the Court should not consider her a vexatious litigant and enter a pre-filing order.

## 1. Plaintiff's actions before this Court.

Plaintiff has filed six actions in the district of Nevada.[2] In each of her cases, Plaintiff sues different defendants including former employers, places of business, and the Sparks Police Department. But her actions assert the same set of allegations: that, because LVMPD is harboring resentment against Plaintiff as a result of Sparks Police Department arresting her, LVMPD has begun working with Plaintiff's employers, with places of business in Las Vegas, and with Plaintiff's neighbors to stalk and humiliate her. Plaintiff asserts similar legal claims in all of her cases.

In *Warren v. The Lincoln National Life Insurance Company*,[3] Plaintiff sues the Lincoln National Life Insurance Company for (1) intentional infliction of emotional distress; (2) discrimination; (3) conspiracy; and (4) "misuse of medical information." (ECF No. 1-2). Plaintiff's complaint states in its entirety the following:

> Racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, and misuse of medical information. LVMPD and Sparks PD have spent the last five years going around/stalking me to places that I shop, work, spend time, [sic] with my family/friends, medical facilities, entities who have financial decision making power like Lincoln Financial Group (LFG) or Worker's comp. Because I am currently suing law enforcement for intentional misconduct, they are retaliating against me. LFG is a willing participant in the retaliation. Law enforcement has used the

---

[2] **(1)** *Warren v. The Lincoln National Life Insurance Company*, No. 2:23-cv-00601-GMN-EJY; **(2)** *Warren v. AppleOne, Inc.*, No. 2:23-cv-01370-CDS-EJY; **(3)** *Warren v. Dollar Tree. AL*, No. 2:23-cv-01377-APG-EJY; **(4)** *Warren v. Anthem Blue Cross and Blue Shield, Anthem, Anthem BCBS*, No. 2:23-cv-01341-RFB-DJA; **(5)** *Warren v. Hilton Grand Vacations*, No. 2:23-cv-00988-APG-DJA; **(6)** *Warren v. Sparks Police Department, et al.*, No. 2:23-cv-00065-GMN-DJA.

[3] No. 2:23-cv-00601-GMN-EJY.

> Cartel, gang members, neighbors/landlords[,] retired law enforcement (Louise Price, Howard Matts) to stalk, harass, follow, illegally tap my phone, emails texts, voicemails etc.

*Id.*

In *Warren v. Dollar Tree. AL.*,[4] Plaintiff sues Dollar Tree for: (1) abuse of a vulnerable person; (2) intentional infliction of emotional distress; and (3) civil conspiracy. Plaintiff's complaint states the following:

> This case is linked and related to two police misconduct cases currently in litigation. The first case is against the City of Sparks et al. and The county [sic] of Washoe Jail et. al [sic] in the Second Judicial District case number CV2201525. The second case is against Las Vegas Metropolitan Police Departments (LVMPD) in the US District Court with case number 2:23-cv-00065-GMN-DJA. After an unlawful detainment on June 14, 2020 and an unlawful arrest on June 20, 2020 by Sparks Police officers…PLAINTIFF and her elderly mother were harassed, followed, stalked…The police misconduct problems for Ms. WARREN did not stop in Washoe County or Northern Nevada. In November 2021, during a training course for her new job in Las Vegas, a co-worker teased Ms. WARREN by showing her a copy of her booking photo that had been taken when she was arrested…[O]n information and belief, SPARKS POLICE DEPARTMENT impermissibly released Ms. WARREN'S booking photo online or to her then current employer in Las Vegas in an effort to harass, embarrass, stalk, and belittle her…It is also possible that LAS VEGAS METROPOLITAN POLICE DEPARTMENT additionally had a hand in the booking photo getting released to Ms. WARREN'S new employer in Las Vegas. Ms. WARREN has been the victim of a wide variety of suspicious behavior at the hands of LAS VEGAS METROPOLITAN POLICE DEPARTMENT since having moved from Reno to Las Vegas in July 2021…Since PLAINTIFF moved to Las Vegas she has had issues at every Dollar Tree she and her mother visit in the Las Vegas metro area…

(ECF No. 1-3 at 1-6).

In *Warren v. AppleOne, Inc.*,[5] Plaintiff sues AppleOne, a temporary employment agency, under: (1) Title VII of the Civil Rights Act; (2) the Americans with Disabilities Act; and (3) 42

---

[4] No. 2:23-cv-01377-APG-EJY.

[5] No. 2:23-cv-01370-CDS-EJY.

U.S.C. § 1981 and 42 U.S.C. § 1983 for employment discrimination.  (ECF No. 1-1).  In an attachment to her complaint, Plaintiff alleges the following:

> On or about November 2, 2021, I was hired by the temporary agency APPLE ONE that assigned me to ANTHEM BLUE CROSS AND BLUE SHIELD in Las Vegas.  I began work for ANTHEM on or about November 29, 2021.  I was in a training program that ANTHEM hosted.  Beginning around December 2021, I was sexually harassed by my male co-worker at ANTHEM during the training program.  Repeatedly, I asked my co-worker to stop harassing me but he would not stop.  Thereafter, this same male co-worker disseminated a picture of me that he had obtained to myself and other co-workers.  On or around January 10, 2022, I was told by ANTHEM that an investigation would be started.  I was also told by APPLE ONE that an investigation would be started.  Instead of helping me, on January 11, ANTHEM locked me out of my work account.  On or about January 12, 2022 I had a meeting with representatives from both ANTHEM and APPLE ONE in which I was told that everything was going back to normal.  By January 18, 2022, I was terminated.

(ECF No. 1-5).

In *Warren v. Anthem Blue Cross and Blue Shield, Anthem, Anthem BCBS*,[6] Plaintiff sues defendants for under: (1) Title VII of the Civil Rights Act; (2) the Americans with Disabilities Act; and (3) 42 U.S.C. § 1981 and 42 U.S.C. § 1983 for employment discrimination.  (ECF No. 1-1).  In an attachment to her complaint, Plaintiff alleges the following:

> On or about November 2, 2021, I was hired by the temporary agency APPLE ONE that assigned me to ANTHEM BLUE CROSS AND BLUE SHIELD in Las Vegas.  I began work for ANTHEM on or about November 29, 2021.  I was in a training program that ANTHEM hosted.  Beginning around December 2021, I was sexually harassed by my male co-worker at ANTHEM during the training program.  Repeatedly, I asked my co-worker to stop harassing me but he would not stop.  Thereafter, this same male co-worker disseminated a picture of me that he had obtained to myself and other co-workers.  On or around January 10, 2022, I was told by ANTHEM that an investigation would be started.  I was also told by APPLE ONE that an investigation would be started.  Instead of helping me, on January 11, ANTHEM locked me out of my work

---

[6] No. 2:23-cv-01341-RFB-DJA.

> account.  On or about January 12, 2022 I had a meeting with representatives from both ANTHEM and APPLE ONE in which I was told that everything was going back to normal.  By January 18, 2022, I was terminated.

(ECF No. 1-4).

In *Warren v. Hilton Grand Vacations*,[7] Plaintiff brings claims against her former employer, Hilton Grand Vacations for: (1) abuse of a vulnerable person; (2) negligence and gross negligence; (3) intentional infliction of emotional distress; (4) civil conspiracy; (5) discrimination in violation of the Americans with Disabilities Act; and (6) violation of her Fourteenth Amendment rights.  Plaintiff's complaint states the following:

> This case is linked and related to two police misconduct cases currently in litigation.  The first case is against the City of Sparks et al. and The county [sic] of Washoe Jail et. al [sic] in the Second Judicial District case number CV2201525.  The second case is against Las Vegas Metropolitan Police Departments (LVMPD) in the US District Court with case number 2:23-cv-00065-GMN-DJA.  After an unlawful detainment on June 14, 2020 and an unlawful arrest on June 20, 2020 by Sparks Police officers…PLAINTIFF and her elderly mother were harassed, followed, stalked… The police misconduct problems for Ms. WARREN did not stop in Washoe County or Northern Nevada.  In November 2021, during a training course for her new job in Las Vegas, a co-worker teased Ms. WARREN by showing her a copy of her booking photo that had been taken when she was arrested…[O]n information and belief, SPARKS POLICE DEPARTMENT impermissibly released Ms. WARREN'S booking photo online or to her then current employer in Las Vegas in an effort to harass, embarrass, stalk, and belittle her…It is also possible that LAS VEGAS METROPOLITAN POLICE DEPARTMENT additionally had a hand in the booking photo getting released to Ms. WARREN'S new employer in Las Vegas.  Ms. WARREN has been the victim of a wide variety of suspicious behavior at the hands of LAS VEGAS METROPOLITAN POLICE DEPARTMENT since having moved from Reno to Las Vegas in July 2021…After being followed, stalked and having PLAINTIFF'S booking photo illegally released at Anthem BCBS and AppleOne, law enforcement stalked MS. WARREN to HILTON GRAND VACATIONS…

(ECF No. 1-3 at 106).

---

[7] No. 2:23-cv-00988-APG-DJA.

2. <u>Plaintiff's actions before other courts.</u>[8]

LVMPD lists twenty cases that Plaintiff filed in the Superior Court of California for the County of Los Angeles between 2009 and 2015. (ECF No. 82 at 14-15). Out of those twenty cases, only three resulted in a favorable outcome to Plaintiff. In *Warren v. Cherry*, No. GS012756 and *Warren v. Fair*, No. BS135942, the Los Angeles Superior Court granted Plaintiff's temporary restraining orders against harassment. And in *Warren v. Fair*, No. 12M01442, the Los Angeles Superior Court granted judgment in favor of Plaintiff because the defendant did not answer or appear.

Since moving to Nevada in 2018, Plaintiff filed at least fifty more lawsuits in various Nevada justice courts. In these cases, Plaintiff has prevailed only once—in *Warren v. Law Office of Gianna M. Orlandi*, No. 21A001706 in Las Vegas Justice Court—when the defendant, a disbarred attorney, failed to appear. LVMPD points out that Judge Maria Gall in the Eighth Judicial District Court has already warned Plaintiff in a case that "should Ms. Warren continue on this path of filing needless and legally baseless motions, the court may be inclined to find her a vexatious litigant…" (ECF No. 82 at 41).

3. <u>Order to show cause.</u>

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *See Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). In deciding whether or not to restrict a litigant's access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."

---

[8] Under Federal Rule of Evidence 201(b), the Court takes judicial notice of the docket in these cases because they are "documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

*Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2nd Cir. 1986)).  In doing so, the court should consider five factors: (1) "the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits;" (2) "the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;" (3) "whether the litigant is represented by counsel;" (4) "whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel;" and (5) "whether other sanctions would be adequate to protect the courts and other parties." *Id.*

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong*, 912 F.2d at 1148.  The Ninth Circuit, however, has cautioned the district courts by recognizing that vexatious litigant orders are an extreme remedy, and should rarely be entered. *Id*. (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523-26 (9th Cir. 1984)).  This is because such an order restricts access to the courts—the litigant's "final safeguard for vitally important constitutional rights." *Wood*, 705 F.2d at 1525.  "An injunction cannot issue merely upon a showing of litigiousness.  The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. U.S.*, 906 F.2d 467, 470 (9th Cir. 1990) (citing *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982)).

Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard.  *See Molski*, 500 F.3d at 1057 (citing *De Long*, 912 F.2d at 1147).  This is a core requirement of due process.  However, this does not necessarily require that a litigant have an opportunity to be heard at an oral hearing regarding the litigant potentially being declared vexatious. *Id*. at 1058-59; *Pac. Harbor Capitol Inc. v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (finding "an opportunity to be heard does not require an oral or evidentiary hearing on the issue … [t]he opportunity to brief the issue fully satisfies due process requirements").  Instead, this requires the litigant had fair notice that he might potentially be declared a vexatious litigant. *Molski*, 500 F.3d at 1058.

The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id.* at 1057. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id.* at 1059 (quoting *De Long*, 912 F.2d at 1147). To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* (quotation omitted).

Finally, a pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* at 1057 (quotation omitted). A pre-filing order is overbroad if it prevents the litigant from filing any suit in the court, or applies to a suit against anyone when the record showed the plaintiff was litigious with respect to only one group of defendants. *Id.* at 1061. Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id.* at 1056.

If a litigant is deemed vexatious, she will be enjoined from filing any further action or papers in this district without first obtaining leave of the Chief Judge of this court. In order to file any papers, the vexatious litigant must first file an application for leave. The application must be supported by a declaration of plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that she has conducted a reasonable investigation of the facts and investigation supports her claim or claims. A copy of the order deeming the litigant vexatious must be attached to any application. Failure to fully comply will be sufficient grounds for denial of the application. *De Long*, 912 F.2d at 1146-47.

The Court orders Plaintiff to show cause in writing filed on or before October 23, 2023 why she should not be declared a vexatious litigant. Failure to show cause why she is not a vexatious litigant may result in a report and recommendation to the district judge that she be declared a vexatious litigant.

…

### B. The Court recommends granting LVMPD's motion to strike (ECF No. 42) and denying its motion to dismiss (ECF No. 43).

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within 21 days of serving it or 21 days after service of a responsive pleading. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading any redundant or immaterial matter. Here, the time in which Plaintiff could have amended her complaint without seeking the opposing party's written consent or the Court's leave has elapsed. Plaintiff's amended complaint, unaccompanied by a motion to amend, is thus improperly filed. *See* Local Rule 15-1. The Court recommends granting LVMPD's motion to strike (ECF No. 42). The Court recommends denying LVMPD's motion to dismiss in the alternative as moot (ECF No. 43).

### C. The Court recommends denying Plaintiff's motions for default judgment (ECF Nos. 53 and 109).

Plaintiff moves for default judgment, arguing that LVMPD did not timely file an answer to her complaint when her case was in state court. (ECF No. 53). Plaintiff also filed a default form related to her motion and styled as a separate motion for default. (ECF No. 109). LVMPD responds that it was served on September 1, 2022 and filed its motion to sever in state court on October 17, 2022, which motion tolled its time to respond. (ECF No. 65). LVMPD adds that the appropriate time for Plaintiff to have raised her arguments regarding the timeliness of LVMPD's answer would have been in response to LVMPD's motion to sever in state court.

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure ("FRCP"). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. Rule 55(a). Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.* Additionally, the FRCP 55(a) advisory note indicates that it is inappropriate to enter a default against a party who has indicated their intent to defend. *Id.* After the clerk enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule

55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true. In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

Default is inappropriate here. First, LVMPD has not failed to plead or otherwise defend. Instead, it has been actively engaged in this case from the beginning. Default is also improper when considering the seven factors that guide default decisions. First, Plaintiff will not be prejudiced by litigating the case on its merits. Second and third, the Court has serious reservations regarding the merits of Plaintiff's claims and the sufficiency of her complaint against LVMPD. Fourth, Plaintiff is claiming damages in excess of $750,000. Fifth, LVMPD has disputed Plaintiff's alleged facts. Sixth, the alleged default, if any occurred, was due to excusable neglect because LVMPD believed its answer deadline to be tolled. Specifically, on the date its responsive pleading was due under Nevada Rule of Civil Procedure 12(a)(2), LVMPD filed a motion to change venue by severing the claims. LVMPD believes that its response deadline was tolled under Nevada Revised Statue 13.050(1)(a), which requires a demand to change venue be filed "before the time for answering expires…" The Court will not decide whether LVMPD's motion actually tolled the time under Nevada law for answering, because that state-law question would have better been decided by the state court. But Plaintiff never raised the issue in front of the state court and instead waited years to raise it in federal court.[9] Seventh, the strong public

---

[9] As LVMPD points out, this problem also raises law-of-the-case doctrine issues because "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 108 U.S. 800, 815-16 (1988). While the state court did not "decide" the issue of whether LVMPD's answer was tolled by virtue of its motion to sever, Plaintiff never raised it, and the case proceeded as normal. In any event, default judgment is inappropriate because LVMPD has not failed to plead or otherwise defend this matter.

policy favoring decisions on the merits is especially strong here where it is unclear whether LVMPD erred in waiting to file its answer. Ultimately, the Court is not inclined to recommend entering default on a procedural misstep that appears justified, especially because LVMPD has not failed to plead or otherwise defend this action. The Court thus recommends denying Plaintiff's motions for default. (ECF Nos. 53, 109).

### D. The Court denies Plaintiff's motions to expedite (ECF Nos. 72, 74, 79, 80, 81, 96, 105, and 123).

Because the Court recommends denying Plaintiff's motion for default judgment, it denies as moot Plaintiff's motions to expedite that decision. (ECF Nos. 72, 74, 79, 80, 81, 96, 105, 123). Plaintiff's motions to expedite fail to make the proper showing why expedited consideration is necessary. *See* LR 7-4 (governing emergency motions); *see* LR IA 6-1(d) (governing motions to shorten time). In any event, now that the Court has issued a recommendation on her default judgment motion, Plaintiff's motions to expedite that decision are moot.

### E. The Court denies Plaintiff's motions to strike LVMPD's filings (ECF Nos. 44, 45, 85, 102, and 122) and Plaintiff's motion to vacate (ECF No. 49).

Plaintiff moves to strike LVMPD's motion to dismiss for being untimely. (ECF Nos. 44, 45). However, LVMPD properly moved to extend the time to file its motion. (ECF No. 40). And the Court granted that motion. (ECF No. 47). Plaintiff also moves to "vacate" LVMPD's motion for exceeding the 5,200 words outlined in Federal Rule of Appellate Procedure 7(d). However, the Federal Rules of Appellate Procedure do not apply to district courts. Plaintiff also reiterates her argument that LVMPD's motion was untimely. But, as the Court has already addressed, it was timely.

Plaintiff moves to strike LVMPD's response to Plaintiff's second motion to expedite. (ECF No. 85). Plaintiff argues that LVMPD's response was two days late. However, Plaintiff filed her second motion to expedite on July 29, 2023, making LVMPD's response due on August 14, 2023, and thus, LVMPD's response (ECF No. 83) was timely. *See* Fed. R. Civ. P. 6(a) (explaining that if the last day of a period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday); *see*

Local Rule 7-2(b) (explaining that the time for filing a response to a motion is 14 days after service of the motion).

Plaintiff moves to strike LVMPD's reply in support of its motion to declare Plaintiff a vexatious litigant. (ECF No. 102). Plaintiff argues that LVMPD's reply is an improper sur-reply and improperly includes personal identifiers of non-parties because LVMPD listed the names of other cases Plaintiff has brought. However, LVMPD's reply was not an improper sur-reply and case names are not the personal identifiers that parties should redact under Local Rule IC 6-1.

Plaintiff moves to strike LVMPD's response to Plaintiff's motion to strike and LVMPD's countermotion to strike. (ECF No. 122). Plaintiff asserts that LVMPD violated Local Rule IC 2-2(b) by filing the response and countermotion as two separate documents. (ECF Nos. 120 and 121). However, that rule *requires* a party to file separate documents when a document is both a response and a countermotion. Because Plaintiff's motions to strike do not raise legitimate grounds on which to strike LVMPD's filings, the Court denies them. (ECF Nos. 44, 45, 85, 102, 122).

### F. The Court grants LVMPD's motion to quash (ECF No. 112) and denies Plaintiff's motion for sanctions (ECF No. 111).

Plaintiff moves for sanctions under Federal Rule of Civil Procedure 37, arguing that LVMPD has not responded to Plaintiff's subpoena duces tecum. (ECF No. 111). LVMPD moves to quash that subpoena because a subpoena is an improper method by which to request discovery.[10] (ECF No. 112). The Court denies Plaintiff's motion for sanctions and grants LVMPD's motion to quash.

On timely motion, the court may quash a subpoena that subjects a party to undue burden. Fed. R. Civ. P. 45(d)(3)(iv). The proper way to request documents from a party is to serve requests under Federal Rule of Civil Procedure 34. Subpoenas—governed by Federal Rule of

---

[10] LVMPD moves to quash the subpoena on other grounds, including that it failed to provide a deadline by which to produce documents, is overbroad, and is unduly burdensome. However, because the Court finds that the subpoena is procedurally improper, it does not address LVMPD's remaining arguments.

1  Civil Procedure 45—are typically used to obtain discovery from a non-party.  *See Guardado v.*
2  *Nevada*, No. 2:17-cv-00879-JCM-PAL, 2021 WL 1234504, at *1 (D. Nev. Apr. 1, 2021).  Rule
3  45 subpoenas must not, however be used to circumvent the requirements of Rule 34.  *See Casun*
4  *Invest, A.G. v. Ponder*, No. 2:16-cv-02925-JCM-GWF, 2019 WL 2358390, at *4 (D. Nev. June 4,
5  2019).  "If the documents are available from a party, a request for production under Rule 34
6  should be used."  *Id.*

7  Plaintiff has not provided any evidence that she attempted to obtain the documents she
8  seeks through her subpoena via a proper Rule 34 request.  The Court finds her subpoena to be
9  procedurally improper and unduly burdensome on LVMPD.  It thus denies Plaintiff's motion for
10  sanctions (ECF No. 111) and grants LVMPD's motion to quash (ECF No. 112).

11  **G.    The Court grants LVMPD's motion to strike (ECF No. 121).**

12  LVMPD moves to strike Plaintiff's motion to strike LVMPD's reply in support of its
13  motion to declare Plaintiff a vexatious litigant. (ECF No. 121).  LVMPD points out that
14  Plaintiff's motion to strike is really an improper sur-reply because the motion to strike attempts to
15  counter LVMPD's arguments in its vexatious litigant motion.  The Court agrees.  Indeed,
16  Plaintiff's motion to strike argues that LVMPD's vexatious litigant motion is "a failed attempt to
17  discredit" her and that LVMPD has made immaterial arguments that "somehow PLAINTIFF
18  filing lawsuits in Nevada and California makes her a vexatious litigant." (ECF No. 102 at 2, 3).
19  Because Plaintiff's motion to strike addresses arguments made in LVMPD's vexatious litigant
20  motion without seeking leave to file a sur-reply, it violates Local Rule 7-2(b) and the Court
21  strikes it.  *See* Local Rule 7-2(b) ("[s]urreplies are not permitted without leave of court"); *see*
22  Local Rule IC 7-1("[t]he court may strike documents that do not comply with these rules.").  The
23  Court thus grants LVMPD's motion to strike.  (ECF No. 121).

24  **H.    The Court recommends denying Plaintiff's motion to stay the case.  (ECF No.
25         55).**

26  Plaintiff's motion to stay the case seeks to stay the case until the Court decides Plaintiff's
27  motion for default judgment and requests an extension of time to respond to LVMPD's motion to
28  dismiss.  (ECF No. 55).  However, the Court has since issued its recommendation on Plaintiff's

motion for default judgment, mooting her request to stay the case.  Additionally, Plaintiff requested an extension from the response date of June 26, 2023 until July 13, 2023.  But Plaintiff then filed her response on June 25, 2023.  Because Plaintiff ultimately timely filed her response, her request for an extension is also moot.  The Court thus recommends denying Plaintiff's motion to stay the case as moot.

## ORDER

**IT IS THEREFORE ORDERED** that LVMPD's motion to declare Plaintiff a vexatious litigant (ECF No. 82) is **granted in part and denied in part.**  It is granted in part to the extent it requests the Court provide Plaintiff notice and an opportunity to be heard on the issue.  It is denied in part to the extent it requests that the Court issue a pre-filing order without this notice.

**IT IS FURTHER ORDERED** that Plaintiff must file a response to this order on or before **October 23, 2023.**  If Plaintiff fails to file a response, the Court may recommend that the district judge enter an order declaring Plaintiff a vexatious litigant.

**IT IS FURTHER ORDERED** that Plaintiff's motions to expedite (ECF Nos. 72, 74, 79, 80, 81, 96, 105, 123) are **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's motions to strike (ECF Nos. 44, 45, 85, 102, 122) and motion to vacate (ECF No. 49) are **denied.**

**IT IS FURTHER ORDERED** that LVMPD's motion to quash (ECF No. 112) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (ECF No. 111) is **denied.**

**IT IS FURTHER ORDERED** that LVMPD's motion to strike (ECF No. 121) is **granted.**  The Clerk of Court is kindly directed to **strike** Plaintiff's motion to strike filed at ECF No. 102.

///

///

## REPORT AND RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that LVMPD's motion to strike (ECF No. 42) be **granted** and that Plaintiff's amended complaint filed at ECF No. 38 be **stricken.**

**IT IS FURTHER RECOMMENDED** that LVMPD's motion to dismiss (ECF No. 43) be **denied as moot.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's motions for default judgment (ECF Nos. 53 and 109) be **denied.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to stay the case (ECF No. 55) be **denied.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: September 22, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE