1

2

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3

4

5

6

7

8

9

| | |
|---|---|
| ALLANNA WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| LAS VEGAS METROPOLITAN POLICE | ) |
| DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

Case No.: 2:23-cv-00065-GMN-DJA

**ORDER**

10

11

12

13

Pending before the Court is Plaintiff Allanna Warren's ("Plaintiff") Objection/Appeal, (ECF No. 137), to the Magistrate Judge's Order and Report and Recommendation ("R&R"), (ECF No. 132).  Defendant Las Vegas Metropolitan Police Department ("Defendant") filed a Response, (ECF No. 143), to which Plaintiff filed a Reply, (ECF No. 145).

14

15

16

Also pending before the Court are Plaintiff's Eighth Motion to Expedite, (ECF No. 140), Second Motion for Recusal of Judges, (ECF No. 138), and First Motion for Preliminary Injunction, (ECF No. 129).

17

18

19

For the reasons discussed below, the Court **ADOPTS** the Magistrate Judge's Order and R&R in full, and **DENIES** Plaintiff's Objection/Appeal, Eighth Motion to Expedite, Second Motion for Recusal of Judges, and First Motion for Preliminary Injunction.

20

## I.    BACKGROUND

21

22

23

24

25

The is a civil rights action arising out of Plaintiff's allegations that Defendant is improperly surveilling and stalking her.  The Court incorporates the background and procedural history of this case from the Magistrate Judge's Order and R&R. (Order & R&R 2:3–3:22, ECF No. 132).  The Magistrate Judge's Order and R&R addressed over twenty motions filed by the parties, including eighteen motions filed by Plaintiff, along with eleven supplements or

affidavits she filed in support of her motions without leave of the Court. (*See generally* Order & R&R).

Considering the number of Plaintiff's filings, the undersigned then issued an Order instructing Defendant that it may file a response to any objection filed by Plaintiff to the Magistrate Judge's Order and R&R if she chose to file one and Plaintiff's First Motion for Preliminary Injunction. (Order, ECF No. 133).  "Going forward, however," the Court notified Defendant that it was "no longer required to file a response to any subsequent motion filed by Plaintiff unless the Court specifically request[ed] one." (*Id.*).  Plaintiff then appealed the Magistrate Judge's Order and R&R and the undersigned's Order to the Ninth Circuit,[1] (Not. Appeal, ECF No. 134), before filing her Objection/Appeal to the Magistrate Judge's Order and R&R. (Objection/Appeal, ECF No. 137).  The Court discusses Plaintiff's Objection/Appeal in addition to her other pending Motions, (ECF Nos. 129, 138, 140), below.

## II.   **LEGAL STANDARD**

### A. **Standard of Review for a Magistrate Judge's Order**

When reviewing the order of a magistrate judge, the order should be set aside only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).  A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

---

[1] The Court retains jurisdiction to address Plaintiff's filings despite her Notice of Appeal.  As a general rule, only one tribunal handles a case at a time.  "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "However, when the appeal is from an unappealable order, the district court may disregard the purported notice of appeal and proceed with the case." *Murillo v. Flournoy*, No. 11-cv-1687, 2013 WL 1147628, at *1 (S.D. Cal. Mar. 19, 2013) (citing *Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993)).  Here, Plaintiff's appeal was premature.  The Magistrate Judge's Order and R&R and the undersigned's Order are not final orders. Because there was no final order in this case, the Court retains jurisdiction and is free to consider Plaintiff's filings.

1    "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or

2    rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224,

3    2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) (citation omitted).  When reviewing the

4    order, however, the magistrate judge "is afforded broad discretion, which will be overruled

5    only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007)

6    (citation omitted).  The district judge "may not simply substitute its judgment" for that of the

7    magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir.

8    1991).

9          **B.  Standard of Review for a Magistrate Judge's R&R**

10          A party may file specific written objections to the findings and recommendations of a

11    United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

12    D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo*

13    determination of those portions of the Report and Recommendation to which objections are

14    made.  *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or

15    recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

16          Objections must be written and specific. *See, e.g.*, Fed. R. Civ. Pr. 72(b)(2) ("[A] party

17    may serve and file specific written objections to the proposed findings and recommendations"

18    of the magistrate judge).  "Numerous courts have held that a general objection to the entirety of

19    a Magistrate Judge's [report and recommendation] has the same effect as a failure to object."

20    *Alcantara v. McEwen*, No. 12-cv-401, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013)

21    (citing cases).

22    ///

23    ///

24    ///

25    ///

III.     **DISCUSSION**

### A.  Plaintiff's Objection/Appeal, (ECF No. 137)

At the outset, Plaintiff's Objection/Appeal does not meaningfully address the Magistrate Judge's findings.  Instead, she generally asserts that the Magistrate Judge and undersigned are "attempting to circumvent the normal federal court proceedings[,]" and that this attempt demonstrates their bias and prejudice. (Objection/Appeal 2:2–4).  Based on this alleged unfair treatment, Plaintiff contends denial of the Magistrate Judge's Order and R&R is warranted. (*Id.* 5:5–8:8).

As stated, Local Rule IB 3–2 requires a party to file "specific written objections" to a report and recommendation. *See also Greene v. People of California*, No. 2:15–cv–378, 2015 WL 4393897, at *1 (D. Nev. July 16, 2015).  And to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. *See Sullivan v. Schriro*, 04-cv-1517, 2006 WL 1516005, at *3–5 (D. Ariz. May 30, 2006).

Plaintiff's Objection/Appeal fails to identify with any degree of specificity how, where, and why the Magistrate Judge erred. *DejJarlais v. King,* No. 15-cv-1005, 2015 WL 8180582, at *1 (S.D. Cal. Dec. 7, 2015).  This failure alone provides the Court with sufficient justification to adopt the Magistrate Judge's findings without conducting its own review.  Nevertheless, the Court independently reviewed and agrees with each of the Magistrate Judge's findings.

### B.  The Magistrate Judge's Order and R&R, (ECF No. 132)

In short, the Magistrate Judge's Order and R&R: (1) recommended granting Defendant's Motion to Strike Plaintiff's Second Amended Complaint and denying Defendant's Motion to Dismiss as moot; (2) recommended granting Defendant's Motion to Strike Plaintiff's Sur-Reply; (3) recommended denying Plaintiff's Motions for Default Judgment; (4) recommended

denying Plaintiff's Motion to Stay the Case; (5) denied Plaintiff's Motions to Expedite; (6) denied Plaintiff's Motions to Strike and Motion to Vacate; (7) granted Defendant's Motion to Quash Plaintiff's subpoena; and (8) ordered Plaintiff to show cause in writing why she should not be declared a vexatious litigant. (Order & R&R 1:20–2:2). The Court examines each finding in the order listed above.

1. **Recommendation to Grant Defendant's Motion to Strike Plaintiff's Second Amended Complaint, (ECF No. 42), and Deny Defendant's Motion to Dismiss, (ECF No. 43), as Moot**

The Magistrate Judge recommended granting Defendant's Motion to Strike Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 15 because the Second Amended Complaint was filed without leave of Court or Defendant's consent, and this case is past the point where Plaintiff may amend as a matter of course. (Order & R&R 11:1–12).

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Similarly, Local Rule 15-1 requires that a party must file a motion for leave to amend a complaint and receive the Court or opposing party's consent before filing it. *See* Local Rule 15-1 ("Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading")

The Court agrees with the Magistrate Judge's recommendation. This case is past the point where Plaintiff may file an amended complaint as a matter of course. And Plaintiff did not obtain consent from Defendant to file her Second Amended Complaint. Procedurally, under Fed. R. Civ. P. 15 and Local Rule 15-1, Plaintiff's Second Amended Complaint "is not

properly before the [C]ourt, since it was not made in a noticed motion." *Elseth v. Speirs*, No. 2:08-cv-02890, 2011 WL 4595273, at *4 (E.D. Cal. Feb. 24, 2011); *see Schmidt v. United States*, 749 F.3d 1064, 1068–69 (D.C. Cir. 2014) ("Rule 15(a)—even as liberally construed— applies only when the plaintiff actually has moved for leave to amend the complaint; absent a motion, there is nothing to be freely given."). "When a party files an amended complaint without the right to do so, it is properly stricken by the Court." *Wilkins v. Macober*, No. 2:16-cv-0475, 2022 WL 18027822, at *2 (E.D. Cal. Dec. 30, 2022); *see Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect"). Because Plaintiff filed her Second Amended Complaint without the proper authorization, the Magistrate Judge properly recommended it should be stricken from the docket. Therefore, Defendant's Motion to Strike is GRANTED and Plaintiff's Second Amended Complaint is STRICKEN.[2]

### 2. Recommendation to Grant Defendant's Motion to Strike Plaintiff's Sur-Reply, (ECF No. 121)

The Magistrate Judge next recommended granting Defendant's Motion to Strike Plaintiff's Motion to Strike, (ECF No. 102), Defendant's Reply, (ECF No. 100), in support of its Motion to Declare Plaintiff a Vexatious Litigant, (ECF No. 82), because in essence, Plaintiff's filing was as an improper sur-reply rather than an independent motion. (Order & R&R 15:11–23).

The Federal Rules of Civil Procedure do not expressly permit the filing of a sur-reply, and this District's Local Rules do not permit sur-replies without leave of court. Instead, Local Rule 7-2(b) only allows for a motion, a response, and a reply. LR 7-2(b). Because sur-replies

---

[2] Because Plaintiff's Second Amended Complaint is stricken, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is DISMISSED as moot.

1  are discouraged, "[o]nly the most exceptional or extraordinary circumstances warrant

2  permitting a sur-reply to be filed." *Stevens v. Prentice*, No. 2:17-cv-979, 2018 WL 3758577,

3  2018 WL 3758577, at *1 (D. Nev. Aug. 8, 2018).

4      Here, the Magistrate Judge properly found Plaintiff's Motion to Strike was, at bottom, a

5  sur-reply filed without leave of Court.  And upon review of Plaintiff's filing, there were neither

6  "exceptional nor extraordinary circumstances . . . that would warrant the filing of a sur-reply."

7  *Borenstein v. Animal Foundation*, No. 2:19-cv-00985, 2023 WL 2810258, at *16 (D. Nev. Apr.

8  5, 2023).  Accordingly, the Court agrees with the Magistrate Judge's recommendation and

9  GRANTS Defendant's Motion to Strike.

10      **3.  Recommendation to Deny Plaintiff's Motions for Default Judgment, (ECF Nos.**

11          **53, 109)**

12      The Magistrate Judge further recommended denying Plaintiff's Motions for Default

13  Judgment, finding default judgment was not warranted here because: (1) Plaintiff did not first

14  obtain a clerk's entry of default; (2) Defendant "has been actively engaged in this case from the

15  beginning; and (3) default judgment was not appropriate under the *Eitel* factors. (Order & R&R

16  11:13–13:5).

17      Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of

18  default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d

19  1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required

20  by Rule 55.").  Here, Plaintiff did not request or obtain a clerk's entry of default from the Clerk

21  of Court upon showing by affidavit or otherwise that Defendant failed to plead or otherwise

22  defend themselves.  For this reason, Plaintiff's Motions for Default Judgment are procedurally

23  improper.

24      Moreover, even if Plaintiff had obtained a Clerk's Entry of Default, entry of default

25  against a non-appearing defendant is at the Court's discretion pursuant to Rule 55(b). *See*

*Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court will consider in deciding whether to grant default judgment include the possibility of prejudice to the plaintiff, the merits of the claims, the sufficiency of the complaint, the amount of money at stake, the possibility of a dispute concerning material facts, whether default was due to excusable neglect, and the policy favoring a decision on the merits. *See Eitel*, 782 F.2d at 1471–72.

Plaintiff's Motions "d[id] not address the *Eitel* factors or otherwise substantiate the amount of damages sought." *Baca v. Ewing*, No. 11-cv-883, 2011 WL 2692932, at *1 (D. Ariz. July 12, 2011). Furthermore, the Court finds entry of default judgment is inappropriate here, where Defendant has appeared and is actively litigating this case. Accordingly, the Court adopts the Magistrate Judge's recommendation and DENIES Plaintiff's Motions for Default Judgment.

### 4. Recommendation to Deny Plaintiff's Motion to Stay the Case, (ECF No. 55)

By the Motion to Stay the Case, Plaintiff sought to stay this action pending the Court's ruling on her Motions for Default Judgment and requested an extension of time to file her response to Defendant's Motion to Dismiss. (*Id.*). The Magistrate Judge properly found her Motion to Stay the Case was mooted following the Magistrate Judge's Order and R&R recommending denial of her Motions for Default Judgment. (Order & R&R 15:24–16:5).

To the extent Plaintiff's Motion was not mooted because the Magistrate Judge only recommended denial, it is now mooted by this Order adopting the Magistrate Judge's recommendation to deny the Motions for Default Judgment. As to Plaintiff's request for an extension of time to file a Response, the Magistrate Judge correctly noted Plaintiff ultimately filed a timely Response, (ECF No. 60), before the deadline elapsed. (*See* Mot. Dismiss) (setting a June 26, 2023, deadline for Plaintiff's response). Thus, her request for an extension of time is ///

also moot.  Accordingly, the Court adopts the Magistrate Judge's recommendation and DENIES as moot Plaintiff's Motion to Stay the Case.

### 5.  Order Denying Plaintiff's Motions to Expedite, (ECF Nos. 72, 74, 79, 80, 81, 96, 105, 123)

The Magistrate Judge denied Plaintiff's Motions to Expedite as moot because they were predicated on Plaintiff obtaining a ruling on her Motions for Default Judgment. (ECF Nos. 72, 74, 79, 80, 81, 96, 105, 123).  Because the Magistrate Judge recommended denying Plaintiff's Motions for Default Judgment, her Motions were thereby mooted.[3] (Order & R&R 13:6–13).

First, the Court agrees with the Magistrate Judge's recommendation.  Second, the Court advises Plaintiff that it has hundreds, if not thousands, of active cases.  "Criminal cases have priority, and, in the absence of a true emergency, all motions filed in civil cases are processed in the order in which they are filed.  Filing requests to expedite rulings and duplicat[ive] or emergency motions will not speed up the process.  In fact, such requests actually slow the process because it creates more motions and triggers another round of briefs filed." *Picozzi v. Clark Cnty. Detention Center*, No. 2:15-cv-00816, 2016 WL 6518627, at *3 (D. Nev. Nov. 2, 2016).  This reasoning applies to Plaintiff's numerous Motions to Expedite, other miscellaneous motions, and premature appeal to the Ninth Circuit.

In short, Plaintiff has not demonstrated sufficient cause to address her case on an expedited basis. *See Choate v. Weidick*, No. 2:18-cv-01958, 2019 WL 2450917, at *1 (D. Nev. June 12, 2019) ("Plaintiff has not identified any reasons why it should screen Plaintiff's complaint before it screens the many civil rights complaints that other prisoners filed before Plaintiff initiated this action. The Court finds no basis for delaying the screening of other

---

[3] While the Court understands Plaintiff wants to be kept apprised of any developments in her case, "[t]he Court does not provide case status to litigants." (Order 1:17–18, ECF No. 34 in *Warren v. The Lincoln Nat. Ins. Co.*, No. 2:23-cv-00601-GMN-EJY).

1  prisoners' complaints in order to expedite the screening of Plaintiff's complaint.").

2  Accordingly, the Court agrees with the Magistrate Judge's and DENIES Plaintiff's Motions to

3  Expedite.[4]

4       Additionally, the Court notes several of Plaintiff's Motions to Expedite requested the

5  Court disqualify Defendant's attorney, Jackie Nichols ("Nichols"), from this action because her

6  law firm allegedly made campaign contributions to judges currently serving on the Eighth

7  Judicial District Court of Nevada.

8       Attorney disqualification is a matter of state law. *In re County of Los Angeles*, 223 F.3d

9  990, 995 (9th Cir. 2000). The burden of proof is on the moving party to present sufficient facts

10 justifying disqualification. *United States v. Walker River Irrigation Dist.*, No. 3:73-cv-127,

11 2006 WL 618823, at *3 (D. Nev. Mar. 10, 2006) (citing *Coyler v. Smith*, 50 F. Supp. 2d 966,

12 967 (C.D. Cal. 1999)). Thus, "[a] motion to disqualify should be accompanied by declarations

13 and admissible evidence sufficient to establish the factual predicate upon which the motion

14 depends." *Colyer*, 50 F. Supp. 2d at 967. The Court turns to Nevada law to determine whether

15 disqualification is warranted. *In re County of Los Angeles*, 223 F.3d at 995.

16      In *Ivey v. Eighth Judicial District Court*, the Nevada Supreme Court considered

17 campaign contributions given by a party to the judge presiding over a divorce case. 299 P.3d

18 354, 354 (Nev. 2013). After entering a divorce decree but before a subsequent hearing about

19 disputed alimony payments, the trial court judge ran for reelection and received a $5,000 cash

20 campaign contribution from the husband, an additional $5,000 in cash from the husband's

21 attorneys and others closely associated with the attorneys, and an in-kind contribution from the

22 husband's attorney in the amount of $3,543.54. *Id.* at 356. The $5,000 cash contribution from

23 the husband was the largest contribution to the judge by an individual person, and the total cash

24

25

---

[4] Plaintiff's Eighth Motion to Expedite advances the same arguments as her previous seven. (*See generally* Eighth Mot. Expedite, ECF No. 140). The Court DENIES this Motion for the same reasons stated above.

contributions of $10,000 was 14% of all contributions. *Id.* The $3,543.54 of in-kind donation was 25% of the total in-kind contributions received.

Despite the husband and his attorneys' donations comprising a substantial portion of the judge's campaign funding, the Nevada Supreme Court determined the contributions were not significant enough to raise a reasonable question to the judge's impartiality. Specifically, the *Ivey* court noted the donation amounts, while significant, were within the statutory limits for campaign contributions. *Id.* at 359. Thus, the Nevada Supreme Court held that "[c]ampaign contributions made within statutory limits cannot constitute grounds for disqualification of a judge under Nevada law." *Id.* (citing *In re Petition to Recall Dunleavy*, 769 P.2d 1271, 1275 (1988) (explaining that "intolerable results" would occur if litigants could disqualify a judge because an attorney for the opposing party donated to the judge's campaign)).

The Court is cognizant of the fact that *Ivey* involved disqualification of a judge rather than an attorney and their law firm. Nevertheless, the holding of *Ivey* is instructive. Here, an allegation that a litigant or counsel for a litigant has made a legal campaign contribution to the political campaign of the trial judge is, without more, legally insufficient to warrant disqualification. *See Caperton v. A.T. Massey Coal Co., Inc.,* 556 U.S. 868, 873 (2009) (documenting dollar value of campaign contributions and assistance to judge, their timing, their relationship to other contributions, and their likely effect on the election); *City of Las Vegas Downtown Redevelopment Agency v. Eight Judicial Dist. Court ex rel.,* 5 P.3d 1059, 1062 (D. Nev. 2000) ("In the context of campaign contributions, we have recognized that a contribution to a presiding judge by a party or an attorney does not ordinarily constitute grounds for disqualification. Indeed, we commented that such a rule would 'severely and intolerably' obstruct the conduct of judicial business in a state like Nevada where judicial officers must run for election and consequently seek campaign contributions.") (internal citations omitted); *see also Liberty Mut. Ins. Co. v. Comm'n Concrete Sys., LLC,* 2017 WL 1234140, *4 (N.D. Fla.

April 1, 2017) ("Many states around the country--including Florida--hold judicial elections. In those states, judicial campaigns are necessary components of [the] judicial system. Indeed, leading members of the state bar play important and active roles in guiding the public selection of qualified jurists. Requiring a judge to recuse himself from all cases where an attorney contributed to his campaign would therefore be, at best, counterintuitive.").  In this context, examination of the exact dollar value of campaign contributions and assistance to the judge, the timing of the contribution, and the details of the judges' involvement with parties, counsel, or witnesses are relevant facts which can be taken into account.[5] *See Ivey*, 299 P.3d at 358 (considering the timing of the contribution as well as the amount).

Here, no other fact is presented by Plaintiff in support of her argument, and the Court finds that the mere fact a financial contribution of an unknown quantity was made by Nichols' law firm to a state judge's election campaign does not warrant disqualification.  Accordingly, the Court also DENIES Plaintiff's request to disqualify Nichols and her firm.

### 6.  Order Denying Plaintiff's Motions to Strike Defendant's Filings, (ECF Nos. 44, 45, 85, 102, 122), and Plaintiff's Motion to Vacate, (ECF No. 49)

The Magistrate Judge denied Plaintiff's Motions to Strike and Motion to Vacate, (ECF No. 44, 49, 45, 85, 102, 122), because they did not "raise legitimate grounds" warranting striking or vacating Defendant's filings. (Order & R&R 13:14–14:14).  Specifically, the Magistrate Judge found Plaintiff improperly relied on the Federal Rules of Appellate Procedure ("Fed. R. App. P.") in requesting vacatur, that Plaintiff ignored the Fed. R. Civ. P. in arguing Defendant's filing was untimely, and that Plaintiff misinterpreted this Court's Local Rules in arguing striking Defendant's filings were warranted. (*Id.*).  The Court examines each finding in turn.

---

[5] The foregoing is not meant to provide as an exhaustive list, but merely list several facts/factors which past courts found relevant in determining whether disqualification or recusal was warranted.

1  First, the Magistrate Judge properly noted the Fed. R. App. P. do not apply to this Court.

2  *See Arceo v. Smith*, No. 1:10-cv-00427, 2011 WL 345800, at *1 n.1 (E.D. Cal. Jan. 31, 2011)

3  ("Plaintiff appears to be citing the Federal Rules of Appellate Procedure in support of his

4  motion. The Federal Rules of Appellate Procedure do not apply here.").  As the Fed. R. Civ. P.

5  govern this proceeding, Plaintiff's Motion to Vacate based on the Fed. R. App. P. is DENIED.

6  Second, the Magistrate Judge found Plaintiff's Motion to Strike Defendant's Response,

7  (ECF No. 83), to her Second Motion to Expedite, (ECF No. 74), as untimely was based on a

8  mistaken premise, as it ignored Defendant's filing deadline was pushed pursuant to Fed. R. Civ.

9  P. 6(a). (Order & R&R 13:23–14:2).  Plaintiff's Second Motion to Expedite was filed on July

10  29, 2023, and Defendant's response to the motion was due fourteen days later, by Saturday,

11  August 12, 2023. (*Id.*).  Under Fed. R. Civ. P. 6(a)(1)(C), when a deadline falls on a weekend

12  or Court holiday, the filing is due on the next day that is not a Saturday, Sunday, or Court

13  holiday. Fed. R. Civ. P. 6(a)(1)(C).  Thus, Rule 6(a)(1)(C) pushed Defendant's filing deadline

14  to Monday, August 14, 2023, making the Response it filed that day timely. (Resp., ECF No.

15  83).  Accordingly, the Court agrees with the Magistrate Judge and DENIES Plaintiff's Motion

16  to Strike.

17  Lastly, the Magistrate Judge denied Plaintiff's Motion to Strike, (ECF No. 122),

18  Defendant's Countermotion to Strike, (ECF No. 121).  Plaintiff argued Defendant's filing

19  violated Local Rule IC 2-2(b) by filing its countermotion and response as two separate

20  documents. (*See* ECF Nos. 120, 121).  But as the Magistrate Judge explained, pursuant to Local

21  Rule IC 2-2(b), "for each type of relief requested or purpose of the document, a separate

22  document must be filed." LR IC 2-2(b).  Thus, Defendant was required to file separate

23  documents because its filings included a response and a countermotion.  Accordingly, the

24  Magistrate Judge properly denied Plaintiff's remaining Motion to Strike.

25  ///

### 7.  Order Granting Defendant's Motion to Quash, (ECF No. 112)

The Magistrate Judge granted Defendant's Motion to Quash, Plaintiff's subpoena duces tectum, (ECF Nos. 91, 94), because it was improperly issued under Rule 45 and is "unduly burdensome" on Defendant. (Order & R&R 14:15–15:10).

Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties and are "clearly not meant to provide an end-run around the regular discovery process under Rules 26 and Rule 34." *Burns v. Bank of Am.*, No. 03-cv-1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007).  Courts have noted on numerous occasions that, "if documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them" pursuant to Rule 45. *Id.* (citing *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1998) (limiting Rule 45 subpoenas to nonparties); *see Smith v. Pendergrass*, 2003 WL 21919182 (N.D. Ind. 2003) ("Plaintiff wants to serve his subpoenas on parties to this suit; however, he should properly obtain such discovery through Rule 34 document requests. Thus, we can simply ignore his request that the Court issue these Rule 45 subpoenas"); *Smith v. Transducer Technology*, Inc., 197 F.R.D. 260 (D.V.I. 2000)("While both Rules 34 and 45 have been amended . . . it is evident to this court that Rule 45, to the extent it concerns discovery, is still directed at non-parties and that Rule 34 governs the discovery of documents in the possession or control of the parties themselves . . . Indeed Rule 34, which unquestionably applies only to parties, illuminates the scope of Rule 45 when it directs that '[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45'"); *Badman v. Stark*, 139 F.R.D. 601, 603 (M.D. Pa. 1991); *Alper v. United States*, 190 F.R.D. 281, 183 (D. Mass. 2000) ("While the language of Rule 45 . . . may . . . not be crystal clear, it is apparent . . . that discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45").

1   Here, Plaintiff requested a subpoena be issued pursuant to Rule 45. (Plaintiff's Proposed

2   Subpoena, ECF No. 91).  Considering the foregoing caselaw, the Court agrees with the

3   Magistrate Judge that Plaintiff's subpoena duces tectum was improperly issued under Rule 45

4   because Defendant is a party to this action.  Further, the Court agrees with the Magistrate Judge

5   that Plaintiff's subpoena is also "unduly burdensome" on Defendant. (Order & R&R 15:7–9).

6   Accordingly, the Magistrate Judge properly found Defendant's Motion to Quash should be

7   GRANTED.[6]

### 8. Order for Plaintiff to Show Cause Why She Should Not Be Considered a Vexatious Litigant, (ECF No. 82)

The Magistrate Judge reviewed Plaintiff's extensive litigation history before this

Court and others, which encompasses more than seventy (70) actions, before ordering Plaintiff

"to show cause in writing . . . on or before October 23, 2023, why she should not be declared a

vexatious litigant." (Order & R&R 10:23–24).  The Magistrate Judge explained that "failure to

show cause why she is not a vexatious litigant may result in a report and recommendation to the

district judge that she be declared a vexatious litigant." (*Id.* 10:23–26).

Restricting a litigant's access to the court is a "serious matter." *Ringgold-Lockhart v.

Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014).  "[T]he right of access to the courts

is a fundamental right protected by the Constitution." *Id.* (quoting *Delew v. Wagner*, 143 F.3d

1219, 1222 (9th Cir. 1998)).  Thus, "pre-filing orders [pursuant to § 1651] are an extreme

remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057

(9th Cir. 2007); *see also Ringgold-Lockart*, 761 F.3d at 1062 ("In light of the seriousness of

restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort.").

---

[6] Because the Court quashed Plaintiff's subpoena duces tectum, the Magistrate Judge properly found Plaintiff's Motion for Sanctions, which was predicated on Defendant's purported failure to respond to the subpoena, should also be DENIED.

Upon review of the record set forth by the Magistrate Judge, (Order & R&R 3:24–10:26), the Court finds the Magistrate Judge did not err in finding Plaintiff must show cause why she should not be declared a vexatious litigant.  To paraphrase a state court judge presiding over one of Plaintiff's lawsuits, she has engaged in a "path of filing needless and legally baseless motions" which have consumed an excessive amount of the Court's time and resources. (*Id.* 8:11–14) (citing the state court action).  Accordingly, the Court finds the Magistrate Judge properly ordered Plaintiff to show cause in writing on or before October 23, 2023, why she should not be declared a vexatious litigant.

### C.  First Motion for Preliminary Injunction, (ECF No. 129)

By Plaintiff's First Motion for Preliminary Injunction, she requests the Court "declare" that Defendant "unlawfully discriminated against PLAINTIFF, harassed, surveilled and retaliated against PLAINTIFF and otherwise violated PLAINTIFF'S rights under (sic) the law." (First Mot. Preliminary Injunction ("PI") at 5).  Plaintiff further requests that the Court require Defendant to remove or expunge any records concerning Plaintiff. (*Id.*).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  A court may grant such relief only upon a petitioner's showing of (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in petitioner's favor, and (4) an injunction is in the public interest. *Id.* at 20.  The Court, having considered Plaintiff's First Amended Complaint, First Motion for Preliminary Injunction, Reply, and accompanying exhibits, finds that she has not met the *Winter* factors and thus, the issuance of a preliminary injunction is not appropriate.

On the merits, Plaintiff's request for injunctive relief must be denied because she failed to demonstrate with sufficient, persuasive evidence that she is likely to succeed on the merits of

her claims.  For example, Plaintiff asserts a cause of action against Defendant under the Electronic Communication Privacy Act, 18 U.S.C. §§ 2510–2523.  The ECPA provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520.

The ECPA provides for injunctive relief as well. *See* 18 U.S.C. § 2521.  Specifically, the ECPA prohibits the intentional interception of wire communications. *See* 18 U.S.C. § 2511(1)(a).  It provides: "Any person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . shall be subject to suit . . . ." *Id.*; *see Forsyth v. Barr*, 19 F.3d 1527 (5th Cir.1994); *DirecTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182, 1189 (E.D. Cal. 2005).

Plaintiff's ECPA claim is based on her allegation that her "internet connection has been intercepted by, on information and belief, [Defendant]." (First Am. Compl. 11:25–26, ECF No. 1-1).  Plaintiff's contention is premised on the fact that her internet has not been disconnected despite her not paying her provider, T-Mobile, since February 2022. (*Id.* 11:26–12:10).  Plaintiff asserts that when she called T-Mobile, she was told by an unnamed T-Mobile employee that her internet "was paid by a police account" before the "line went dead." (*Id.*).

While the Court recognizes Plaintiff's frustration, her allegations and personal beliefs are unsupported by facts that make an inference of culpability plausible. *See Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 927 (9th Cir. 2013) (explaining that conclusory allegations based on "information and belief" are insufficient to state a claim for relief"); *Menzel v. Scholastic, Inc.*, No. 17-cv-05499, 2018 WL 1400386, at *3 (N.D. Cal. Mar. 19, 2018) (noting that even where the evidence is within the defendant's control, plaintiff still must allege specific facts which on information and belief make the inference of culpability plausible).

The rest of Plaintiff's claims suffer from a similar defect.  Plaintiff's allegations and evidence in support of her positions are conclusory, and often predicated on Plaintiff's own "information and belief" without additional factual support to make an inference of culpability plausible. *See Broemer v. CIA*, No 08-cv-05515, 2008 WL 11300116, at *2 (C.D. Cal. Oct. 28, 2008) (denying the plaintiff's motion for a preliminary injunction where the plaintiff offered no evidence "beyond conclusory assertions that such actions have occurred").  In short, Plaintiff's request for injunctive relief must be denied because she has failed to demonstrate that she is likely to succeed on the merits of her claims. *See Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it.").

### D.  Second Motion for Recusal of Judges, (ECF No. 138)

Plaintiff further contends that the Magistrate Judge and undersigned's recusal are warranted because of their alleged bias and prejudice against her. (*See generally* Second Mot. Recuse Judges, ECF No. 38).  In support of her argument, Plaintiff cites the manner in which her case has proceeded and the adverse orders issued against her. (*Id.*).  Plaintiff raises two additional contentions purportedly showing the undersigned's recusal is warranted.  First, Plaintiff further relies on a petition to impeach the undersigned circulated by individuals in response to her handling a contentious and high-profile criminal case. (*Id.* at 6:27–7:6, 11).  Second, Plaintiff provides a judgment signed by the undersigned in a case involving a lawyer from Washoe County named Keith Munro ("Munro"). (*Id.* 6:24–28).  According to Plaintiff, Munro "engaged in [a] conspiracy to commit check fraud and mail fraud" against her, and that the undersigned signing the judgment shows bias against her. (*Id.* 6:28–7:6).   The Court examines Plaintiff's arguments below.

Judges are presumed to be honest and to serve with integrity. *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975); *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008).  In the absence

of a reasonable factual basis for recusal, a judge should participate in cases assigned to her. *United States v. Holland*, 519 F.3d 909, 912 (2008). Federal judges are, however, required by 28 U.S.C. § 455(a) to recuse themselves from any proceeding in which their impartiality might reasonably be questioned, even where no conflict of interest exists. *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990).

The standard for judging the appearance of partiality is objective: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983). Stated differently, the question is whether a reasonable person would perceive a significant risk that the judge will resolve the case on a basis other than the merits. *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990). The reasonable person in this context means a well-informed, thoughtful observer, not a "'hypersensitive or unduly suspicious person.'" *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citing *Mason*, 916 F.2d at 386). And because there is always "*some* risk" of partiality, the risk must be "substantially out of the ordinary." *Mason*, 916 F.2d at 386 (emphasis in original).

Analysis of a recusal motion is "necessarily fact-driven" and "must be guided . . . by an independent examination of the unique facts and circumstances of the particular claim at issue." *Holland*, 519 F.3d at 913. Some matters are not ordinarily sufficient to require a § 455(a) recusal, including "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." *Clemens*, 428 F.3d at 1178 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

At its core, Plaintiff's first argument is based on Court rulings and the manner in which this Court has handled her case. "Such issues are not proper grounds to disqualify a judge for bias and prejudice." *Wilkins v. Barber*, No. 2:19-cv-1338, 2020 WL 6131250, at *2 (E.D. Cal. Oct. 19, 2020). To the extent Plaintiff is frustrated by the Court's previous adverse ruling, she

1    is advised "[judicial rulings] are proper grounds for appeal, not for [disqualification]." *Litkey v.*

2    *United States*, 510 U.S. 540, 544 (1994); *see also Leslie v. GRUPO ICA*, 198 F.3d 1152, 1160

3    (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings.

4    That is not an adequate basis for recusal.") (citation omitted).

5           As to Plaintiff's second argument, her generalized averments to other lawsuits which are

6    wholly unrelated to this case does not show recusal is warranted.  The Ninth Circuit has

7    stated that disqualification "is necessarily fact-driven and may turn on subtleties in the

8    particular case. Consequently, the analysis of a particular . . . claim must be guided, not by

9    comparison to similar situations addressed by prior jurisprudence, but rather by an independent

10   examination of the unique facts and circumstances of the particular claim at issue." *Holland*,

11   519 F.3d at 913 (internal quotation marks omitted).

12          The parties and circumstances in the cases cited by Plaintiff does not automatically

13   dictate recusal under the circumstances of this case. *See McCray*, 389 F. Supp. 3d at 668 (citing

14   *Holland*, 519 F.3d at 913).  No other fact is presented by Plaintiff in support of his argument,

15   and the Court concludes that this fact alone does not warrant recusal.  In short, "a reasonable

16   person with knowledge of all the facts" could not "conclude that the judge[s'] impartiality

17   might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

18   Accordingly, Plaintiff's Second Motion for Recusal of Judges is DENIED.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

**IV.**            __CONCLUSION__

**IT IS HEREBY ORDERED** that Plaintiff's Objection/Appeal, (ECF No. 137), is **DENIED**, (ECF No. 132), and the Magistrate Judge's Order and R&R is **SUSTAINED** and **ADOPTED in full**.

**IT IS ORDERED** that Defendant's Motion to Strike, (ECF No. 42), is **GRANTED** and its Motion to Dismiss, (ECF No. 43), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Defaults Judgment, (ECF No. 53, 109), are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Case, (ECF No. 55), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Case, (ECF No. 55), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Motion to Expedite, (ECF No. 140), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion for Recusal of Judges, (ECF Nos. 138), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Motion for Preliminary Injunction, (ECF No. 129), is **DENIED.**

**DATED** this __12__ day of October, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT