UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allanna Warren,<br><br>            Plaintiff,<br><br>v.<br><br>The City of Las Vegas, Nevada; the County of Clark, Nevada; Las Vegas Metropolitan Police Department, et al.<br><br>            Defendants. | Case No. 2:23-cv-00065-GMN-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

       In September of last year, the Court ordered Plaintiff Allanna Warren to show cause in writing why she should not be declared a vexatious litigant and subject to a prefiling injunction for future actions.  (ECF No. 132).  The show-cause order lays out the extensive history of Plaintiff's many frivolous suits and details why her perpetual regurgitation of similar legal claims in multiple actions is a flagrant abuse of the judicial process that impedes the adjudication of other pending matters.  Though Plaintiff filed a response to the show-cause order, her response does not offer a useful or meritorious argument.  Having thoroughly reviewed the circumstances of this case and the numerous others that Plaintiff has filed in this court, the Court finds that Plaintiff has grossly abused the judicial process with her recycled and meritless filings, which put an unnecessary burden on this court and its personnel.  This unrelenting conduct warrants the extreme remedy of a prefiling order that requires Plaintiff to obtain express permission from the Chief Judge before filing any new action that contains recycled filings.  The Court thus recommends that Plaintiff be declared a vexatious litigant and recommends the conditions of a prefiling order.

       Also pending before the Court is Plaintiff's motion for a settlement conference (ECF No. 276), her petition for an order to enforce a subpoena (ECF No. 278), and her motion for sanctions related to that subpoena (ECF No. 272).  Because the Court finds that a settlement conference is

not warranted here, it denies Plaintiff's motion for a settlement conference. Because the Court finds that Plaintiff has ignored its prior order regarding subpoenas being an improper method to conduct discovery on a party, it denies Plaintiff's motion for an order to enforce a subpoena and her motion for sanctions related to that subpoena.

**Discussion**

**I.      The Court has the authority to impose a prefiling order on a vexatious litigant.**

Federal district courts have the "ancient" inherent authority to issue writs—including a prefiling order—to prevent litigants from continuing to file frivolous lawsuits and abuse the judicial process. *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982)); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). Prefiling orders are an extreme remedy and should be granted only "after a cautious review of the pertinent circumstances." *Molski*, 500 F.3d at 1057 (citation omitted). Before entering a prefiling order, the district court must provide the party against whom the order is sought notice and an opportunity to be heard. *Id.* (citation omitted). If the court imposes a prefiling order, it must set forth which cases and motions support its conclusion that the party's filings are so numerous or abusive that they should be enjoined, make substantive findings as to the frivolous or harassing nature of the litigant's actions, and narrowly tailor the order to "fit the specific vice encountered." *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)). The Ninth Circuit has adopted the Second Circuit's five-factor framework to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation":

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing[,] or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good[-]faith expectation of prevailing?; (3) whether the litigant is represented by counsel. (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

**II.    Plaintiff's repeated initiation of actions based on the same alleged facts and frivolous and recycled pages make her a vexatious litigant, and a prefiling order is necessary to curb this abuse.**

After the Court entered its show cause order, Plaintiff Allanna Warren did not respond, but filed numerous appeals, motions, and miscellaneous supplements, affidavits, and exhibits. One of Plaintiff's motions asked the Court to stay the case pending one of her appeals to the Ninth Circuit. (ECF No. 153). The Honorable District Judge Gloria M. Navarro granted that motion and stayed the case. (ECF No. 166). Nonetheless, Plaintiff continued to file frivolous exhibits, appeals, and supplements. The Ninth Circuit dismissed Plaintiff's appeal of the Court's vexatious-litigant order on March 6, 2024. (ECF No. 225). Judge Navarro lifted the stay on April 4, 2024. (ECF No. 226).

The Court *sua sponte* gave Plaintiff additional time to respond to the show cause order after Judge Navarro lifted the stay, reasoning that "[i]t appears that Plaintiff may have believed the time to respond to the Court's show-cause order was tolled by her appeal and the subsequent stay." (ECF No. 277). The Court gave her until May 6, 2024 to respond. (*Id.*). Amidst more appeals, Plaintiff timely filed a response to the show-cause order. (ECF No. 239).

Plaintiff's response demonstrates that she is either unwilling or incapable of doing more than bombarding the Court with the same frivolous allegations and photos of her neighbors. Plaintiff has maintained throughout this lawsuit and her other lawsuits that nearly everyone she encounters is part of a scheme initiated by LVMPD to stalk and inconvenience her. She believes that her neighbors are part of the scheme and that anyone she can see from her house—including children playing in the nearby park—are conspiring with LVMPD to watch her, ring her doorbell, throw debris in her yard, and become "obsessed" with her. Plaintiff has papered this docket and others with countless photos of her neighbors that she has captured on her home cameras and continuous recounting of her neighbors' and strangers' "suspicious" behavior. Plaintiff's response to the show cause order is simply another example of Plaintiff's frivolous filings.

In her response, Plaintiff argues that LVMPD is really the "vexatious" party and claims that her neighbors are under LVMPD's "influence." (ECF No. 239 at 4). As proof, she attaches a blurry picture of people standing in front of a house across the street and claims "they are waving their hands towards PLAINTIFF'S house, standing around talking about PLAINTIFF and staring menacingly at her home and using intimidation. They are still obsessed with PLAINTIFF." (*Id.*). She also now claims that the mechanic shop into which she took her car is also part of the conspiracy. (*Id.* at 6). She details her visit to the mechanic and asserts that the employees began acting "very strange" and "put a listening/monitoring device in her car at law enforcement's behest." (*Id.* at 7-8). Plaintiff even adds that she sued her mechanic in state court in March of 2023 over the work the shop did on her car and argues that the state court judges presiding over her case had "clear bias" against her. (*Id.* at 8-10). She adds that she also sued the finance company that she used to pay for her car. (*Id.*). Plaintiff concludes by asking the Court to sanction LVMPD and declare LVMPD a vexatious litigant. (*Id.* at 10). And she again attaches pages of the countless photos she has already filed with the Court multiple times depicting her neighbors simply existing in the neighborhood as proof of LVMPD's wrongdoing. (*Id.* at 11-45). Ultimately, instead of refuting Plaintiff's vexatious status, her response only further proves it.

### *A.     Plaintiff's history of litigation.*

Plaintiff's abuse of this Court has escalated to the point that a prefiling injunction is necessary. In its show-cause order, the Court identified six actions that Plaintiff had filed in the district of Nevada, which each asserted the same set of allegations: that because LVMPD is harboring resentment against Plaintiff as a result of Sparks Police Department arresting her, LVMPD has begun working with Plaintiff's employers, with places of business in Las Vegas, and with Plaintiff's neighbors to stalk and humiliate her.[1] (ECF No. 132 at 3-10). Plaintiff has also

---

[1] **(1)** *Warren v. The Lincoln National Life Insurance Company*, No. 2:23-cv-00601-GMN-EJY; **(2)** *Warren v. AppleOne, Inc.*, No. 2:23-cv-01370-CDS-EJY; **(3)** *Warren v. Dollar Tree. AL*, No. 2:23-cv-01377-APG-EJY; **(4)** *Warren v. Anthem Blue Cross and Blue Shield, Anthem, Anthem BCBS*, No. 2:23-cv-01341-RFB-DJA; **(5)** *Warren v. Hilton Grand Vacations*, No. 2:23-cv-00988-APG-DJA; **(6)** *Warren v. Sparks Police Department, et al.*, No. 2:23-cv-00065-GMN-DJA.

filed seven more lawsuits in this district, five of which allege similar allegations as her previous six and two of which are unrelated but identical to other claims she has already raised.[2]

In *Warren v. The City of Henderson Nevada, et al.*,[3] Plaintiff alleges:

> This case is linked to two police misconduct cases currently in litigation…PLAINTIFF and her elderly mother were harassed, followed, stalked, illegally surveilled, had their communications devices illegally monitored and would go into any business, school, store, retail business, apartment, doctor's offices, townhome, box store, private home or any place PLAINTIFF and her mother visited even once and slander, libel and character assassinate them both.

In *Warren v. Walker John & Debra Trust, et al.*,[4] Plaintiff alleges:

> PLAINTIFF moved to Henderson in December 2022. From the start PLAINTIFF's neighbors started harassing her. This was the result of PLAINTIFF having to sue multiple law enforcement agencies throughout the state of Nevada. Law enforcement has stalked, followed, defamed, falsely arrested, falsely incarcerated and illegally surveilled PLAINTIFF. Law enforcement goes into PLAINTIFF'S neighborhood and starts defaming, lying and holds meetings to conspire against PLAINTIFF.

In *Warren v. Heartland Homeowners Association, et al.*,[5] Plaintiff alleges:

> This case is linked and related to two police misconduct cases currently in litigation… PLAINTIFF and her elderly mother were harassed, followed, stalked, illegally surveilled, had their communications devices illegally monitored and would go into any

---

[2] **(1)** *Warren v. The City of Henderson Nevada, et al*, No. 2:23-cv-01503-GMN-NJK; **(2)** *Warren v. Walker John & Debra Trust, et al.*, No. 2:23-cv-01504-APG-EJY; **(3)** *Warren v. Heartland Homeowners Association, et al.*, No. 2:24-cv-00205-APG-MDC; **(4)** *Warren v. Hilton*, No. 2:24-cv-00678-JAD-NJK; **(5)** *Warren v. Pentagon Federal Credit Union*, No. 2:23-cv-2007-JAD-MDC; **(6)** *Warren v. Pentagon Federal Credit Union*, No. 2:24-cv-00928-JAD-DJA; **(7)** *Warren v. Southwest Gas, et al.*, No. 2:23-cv-02105-JAD-NJK.

[3] *Warren v. The City of Henderson Nevada, et al.*, No. 2:23-cv-01503-GMN-NJK, ECF No. 1-1, at 1-2 (D. Nev. Sept. 21, 2023).

[4] *Warren v. Walker John & Debra Trust, et al.*, No. 2:23-cv-01504-APG-EJY, ECT No. 1-1 at 5 (D. Nev. Sept. 21, 2023).

[5] *Warren v. Heartland Homeowners Association, et al.*, No. 2:24-cv-00205-APG-MDC, ECF No. 1-1 at 2-3 (D. Nev. Jan. 18, 2024).

> business, school, store, retail business, apartment, doctor's offices, townhome, box store, private home or any place PLAINTIFF and her mother visited even once and slander, libel and character assassinate them both.

In *Warren v. Hilton*,[6] Plaintiff alleges:

> This case is linked and related to two police misconduct cases currently in litigation… PLAINTIFF and her elderly mother were harassed, followed, stalked, illegally surveilled, had their communications devices illegally monitored and would go into any business, school, store, retail business, apartment, doctor's offices, townhome, employers (Anthem Blue Cross and Blue Shield (BCBS), AppleOne and Hilton Grand Vacations), box store like Walmart, 99 Cent Only Stores or Dollar Tree, private home or any place PLAINTIFF and her mother visited even once and slander, libel and character assassinate them both.

In *Warren v. Southwest Gas*,[7] Plaintiff alleges:

> On 12/12/23 an unknown, unidentified large Hispanic male was tampering with my gas meter. I had not been notified by any company or individual about any concerns about my gas meter. My cameras saw this man bending down with a spray can in his hand. My mother and I imme[diately] went to find out what he was doing. He stated that he worked for Southwest gas [sic] and we had a leak. We found out that he was lying, he did not work for South Gas [sic]. We were frightened because LVM[PD], Henderson PD and other law enforceme[nt] agencies have invo[l]ved themselves in my civil matters and my family has been targeted as a result.

Plaintiff has also filed two lawsuits—both titled *Warren v. Pentagon Federal Credit Union*—with nearly identical claims related to her credit score, which credit score issue she has also complained about in the instant lawsuit.[8] (ECF No. 177). Plaintiff's filings in all three of these cases state the same thing:

---

[6] *Warren v. Hilton*, No. 2:24-cv-00678-JAD-NJK, ECF No. 1-3 at 2-3 (D. Nev. Apr. 8, 2024).

[7] *Warren v. Southwest Gas, et al.*, No. 2:23-cv-02105-JAD-NJK, ECF No. 1-2 at 5 (D. Nev. Dec. 21, 2023).

[8] *Compare Warren v. Pentagon Federal Credit Union*, No. 2:23-cv-2007-JAD-MDC, ECF No. 2 at 4-5 (D. Nev. Dec. 4, 2023) *and Warren v. Pentagon Federal Credit Union*, No. 2:24-cv-00928-

> During this economic downturn I needed help with paying my loan payments and got help from a credit counseling agency, Cambridge Credit Counseling. In October 2023, Cambridge sent out two loan payments to PENFED along with a proposal letter explaining the situation. Cambridge nor I heard from penfed [sic] concerning the payment or the proposal. I received a correspond[e]nce from penfed, [sic] via email, stating that I did not make a payment…My credit score went down 106 after the delinquency was put on my credit…It will take me years to try and get my credit score back to 780.

Plaintiff has also filed numerous lawsuits in other courts—including twenty in the Superior Court of California and at least fifty in various Nevada courts—which this Court outlined in its show cause order. (ECF No. 132 at 8).

### B.     *Plaintiff's motive in pursuing the litigation.*

Plaintiff lacks a good-faith expectation of prevailing. While she has a right to access the courts, it appears through her repeated filings that Plaintiff is using the courts as a forum to complain about every encounter that does not go her way. Other than Plaintiff's vague references to a conspiracy that LVMPD has perpetuated against her, there is little to connect Plaintiff's various complaints and rants. Plaintiff has used the instant lawsuit to complain about everything from her former employer not providing personal protective equipment (ECF No. 31 at 2) to her credit score dropping (ECF No. 177-3 at 2). Additionally, Plaintiff's multiple lawsuits and admission in her response to the show-cause order that she has sued both her mechanic and her lender after experiencing car problems supports the conclusion that Plaintiff uses the legal system to address every inconvenience.

Plaintiff has also not experienced success with her federal cases. Seven out of her thirteen federal cases in this district have concluded, none of them with a favorable outcome for Plaintiff.[9] And as outlined in the Court's show-cause order:

---

JAD-DJA, ECF No. 1-1 at 4-5 (D. Nev. May 14, 2024) *with Warren v. Sparks Police Department, et al.*, No. 2:23-cv-00065-GMN-DJA, ECF No. 177 at 4-5 (D. Nev. Dec. 17, 2023).

[9] *Warren v. The Lincoln National Life Insurance Company*, No. 2:23-cv-00601-GMN-EJY (judgment entered in favor of defendants); *Warren v. Hilton Grand Vacations*, No. 2:23-cv-00988-APG-DJA (judgment entered in favor of defendant); *Warren v. Anthem Blue Cross and Blue Shield, Anthem, Anthem BCBS*, No. 2:23-cv-01341-RFB-DJA (case dismissed for Plaintiff's

> LVMPD lists twenty cases that Plaintiff filed in the Superior Court of California for the County of Los Angeles between 2009 and 2015. (ECF No. 82 at 14-15). Out of those twenty cases, only three resulted in a favorable outcome to Plaintiff. In *Warren v. Cherry*, No. GS012756 and *Warren v. Fair*, No. BS135942, the Los Angeles Superior Court granted Plaintiff's temporary restraining orders against harassment. And in *Warren v. Fair*, No. 12M01442, the Los Angeles Superior Court granted judgment in favor of Plaintiff because the defendant did not answer or appear. Since moving to Nevada in 2018, Plaintiff filed at least fifty more lawsuits in various Nevada justice courts. In these cases, Plaintiff has prevailed only once—in *Warren v. Law Office of Gianna M. Orlandi*, No. 21A001706 in Las Vegas Justice Court—when the defendant, a disbarred attorney, failed to appear. LVMPD points out that Judge Maria Gall in the Eighth Judicial District Court has already warned Plaintiff in a case that "should Ms. Warren continue on this path of filing needless and legally baseless motions, the court may be inclined to find her a vexatious litigant…" (ECF No. 82 at 41).

(ECF No. 132 at 8).

The Court does not find that Plaintiff has a good-faith expectation of prevailing.

### C.    *Whether Plaintiff is represented by counsel.*

Plaintiff was briefly represented by counsel in the state court case underlying this removed federal action. However, Plaintiff discharged her attorney and then, predictably, sued him. (ECF No. 13 at 4-5). And from documents that her former attorney attached to his motion to withdraw in the federal action, it appears that the relationship between Plaintiff and her attorney had broken down before his withdrawal, in part because Plaintiff was taking unilateral actions without contacting her attorney. (ECF No. 13-1 at 2). That Plaintiff was represented by counsel at some early stage in this case does not weigh against finding her to be a vexatious litigant.

---

failure to comply with court order); *Warren v. Dollar Tree. AL*, No. 2:23-cv-01377-APG-EJY (judgment entered in favor of defendants); *Warren v. The City of Henderson Nevada, et al*, No. 2:23-cv-01503-GMN-NJK (case dismissed for Plaintiff's failure to comply with court order); *Warren v. Hilton*, No. 2:24-cv-00678-JAD-NJK (judgment entered in favor of defendant); *Warren v. Pentagon Federal Credit Union*, No. 2:23-cv-2007-JAD-MDC (case dismissed for Plaintiff's failure to comply with court order).

>    **D.    Whether Plaintiff has caused needless expense to other parties or an unnecessary burden on the court.**

Plaintiff's constant lawsuits have foisted an unnecessary burden on this court, its judges, and its staff. And her duplicative and frivolous filings in her lawsuits have caused needless expense to the parties she has sued. Plaintiff's numerous filings in this lawsuit caused such a burden on LVMPD that the Court notified LVMPD that it "is no longer required to file a response to any subsequent motion filed by Plaintiff unless the Court specifically requests one…relieving Defendant of its burden to respond…" (ECF No. 133).

>    **E.    Whether other sanctions would be adequate to protect the courts and other parties.**

Plaintiff's continuous and repetitive lawsuits—and continuous and repetitive filings—demonstrate to the Court that lesser sanctions would not be adequate to protect the courts and other parties. Plaintiff has brought numerous cases about the same or similar factual scenarios, unperturbed by her lack of success in cases like this one. Even after the Court issued its show-cause order in this case, Plaintiff filed multiple frivolous appeals,[10] supplements,[11] motions to expedite,[12] and exhibits.[13] After painstaking and cautious review of the pertinent circumstances, the Court concludes that a narrowly drawn prefiling restriction is the only way to curtail Plaintiff's abusive behavior without unduly infringing Plaintiff's right to otherwise access this Court. The Court therefore finds that an order preventing Plaintiff from commencing any new actions without first obtaining the permission of the Chief Judge of this court is appropriate. So, the undersigned recommends entering a prefiling order against Plaintiff.

---

[10] (ECF Nos. 134, 137, 147, 150, 152, 184, 228, 230, 237, 244, 246, 253).
[11] (ECF Nos. 135, 136, 139, 159, 192).
[12] (ECF Nos. 158, 165, 265).
[13] (ECF Nos. 170, 172-83, 185-208, 210-17, 218, 220-23, 233, 238-39, 256, 262, 264, 266-70, 275).

### III. Plaintiff's motion for a settlement conference and motion to enforce subpoena.

Plaintiff moves the Court to set a settlement conference, invoking Nevada Revised Statute 17.020. (ECF No. 276). However, it is unclear how NRS 17.020 applies to this case and the Court does not find that a settlement conference is warranted. It thus denies the motion for a settlement conference.

Plaintiff also filed a subpoena on the docket, titled "Second PETITION for Order to Enforce *issued subpoena/issue a new subpoena for business records*." (ECF No. 278). Plaintiff appears to request that the court issue a subpoena to LVMPD. (*Id.*). However, as the Court has already informed Plaintiff,

> The proper way to request documents from a party is to serve requests under Federal Rule of Civil Procedure 34. Subpoenas—governed by Federal Rule of Civil Procedure 45—are typically used to obtain discovery from a nonparty. *See Guardado v. Nevada*, No. 2:17-cv-00879-JCM-PAL, 2021 WL 1234504, at *1 (D. Nev. Apr. 1, 2021). Rule 45 subpoenas must not, however, be used to circumvent the requirements of Rule 34. *See Casun Invest, A.G. v. Ponder*, No. 2:16-cv-02925-JCM-GWF, 2019 WL 2358390, at *4 (D. Nev. June 4, 2019). "If the documents are available from a party, a request for production under Rule 34 should be used." *Id.* Plaintiff has not provided any evidence that she attempted to obtain the documents she seeks through her subpoena via a proper Rule 34 request. The Court finds her subpoena to be procedurally improper and unduly burdensome on LVMPD.

(ECF No. 132 at 14-15).

The Court finds that the same reasoning still applies and denies Plaintiff's request for a subpoena.

In her motion for sanctions, Plaintiff invokes Federal Rule of Civil Procedure 11 and argues primarily that LVMPD has not responded to her subpoena. (ECF No. 272).[14] However, as LVMPD points out in response, Plaintiff not only failed to comply with the safe-harbor provision of Rule 11(c)(2), but the Court also already granted LVMPD's motion to quash Plaintiff's subpoena. (ECF No. 281). So, the Court denies Plaintiff's motion for sanctions.

---

[14] Plaintiff's motion was filed as a reply, so it is not "gaveled" as a motion on the docket.

**Order**

**IT IS THEREFORE ORDERED** that Plaintiff's motion for a settlement conference (ECF No. 276), petition for order to enforce issued subpoena (ECF No. 278), and motion for sanctions (ECF No. 272) are **denied.**

**Recommendation**

**IT IS THEREFORE RECOMMENDED** that Plaintiff be declared a vexatious litigant and be enjoined and prohibited under 28 U.S.C. § 1651(a) from commencing a new action with a case-initiation document (whether complaint, petition, or otherwise) that contains, attaches, or incorporates filings and allegations from Plaintiff's other cases in this district without first obtaining prefiling permission from the Chief Judge of this district.  This recommendation, if adopted, would mean that if Plaintiff desires to file a new action in the United States District Court for the District of Nevada using any pages or allegations she has already filed in another case, she must first:

- Apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File."
- That application must be supported by a declaration from Plaintiff, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition are different from those asserted in the actions she has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; (3) she has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.
- Plaintiff must attach a copy of this order to any such application.

**Notice**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has

been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: August 20, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

Page 12 of 12