# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALLANNA WARREN,<br><br>           Plaintiff,<br><br>    vs.<br><br>SPARKS POLICE DEPARTMENT, *et al.*,<br><br>           Defendants. | Case No.: 2:23-cv-00065-GMN-DJA<br><br>**AMENDED[1] ORDER GRANTING<br>MOTION TO DISMISS** |

      Pending before the Court is the Motion to Dismiss, (ECF No. 234), filed by Defendant Las Vegas Metropolitan Police Department ("LVMPD"). Plaintiff Allanna Warren did not file a response and the deadline to do so has passed. Also pending before the Court are Plaintiff's Second Motion for Permanent Injunction, (ECF No. 248), and Third Motion for Permanent Injunction, (ECF No. 312). LVMPD filed Responses, (ECF Nos. 254, 317). For the reasons discussed below, the Court **GRANTS** LVMPD's Motion to Dismiss, and **DENIES** as moot Plaintiff's Second and Third Motions for Permanent Injunction.

## I.    <u>BACKGROUND</u>

      Plaintiff brings this action against LVMPD and 28 others[2] asserting various federal and state law claims, alleging that LVMPD is improperly surveilling and stalking her. (*See generally* First Am. Compl.[3] ("FAC"), ECF No. 1-1) At the time the lawsuit was filed, Plaintiff was a forty-four-year-old African American woman, who suffers from asthma,

---

[1] *This Amended Order merely corrects a typographical error in the Conclusion where Motion to Dismiss, ECF No. 234, was incorrectly identified as ECF No. 284. The correct number for the Motion to Dismiss is ECF No. 234.*

[2] The case was originally brought against 29 LVMPDs. As of the date of this Order, four of the original defendants have been terminated.

[3] The operative complaint is the First Amended Complaint that was filed in the state court proceedings before this case was removed to federal court which was attached to the Petition for Removal, (ECF No. 1).

alopecia, depression, anxiety, post-traumatic stress disorder ("PTSD"), paranoia, and hidradenitis suppurativa. (*Id.* ¶¶ 14–15). The alleged facts relevant to Plaintiff's claims begin when Plaintiff moved from Reno to Las Vegas. (*Id.* ¶¶ 17–18).

Plaintiff asserts U-Haul lost her property while moving. (FAC 9:28–10:1). Plaintiff avers a U-Haul employee stated the lost property was confiscated by "local employees in both cities [who] were actively working with the police in each city[.]" (*Id.* 10:1–5). Plaintiff contends the unnamed U-Haul employee's statement shows the Sparks Police Department and LVMPD "collude[ed]" to "know[ingly] interfere[]" with her property." (*Id.* ¶ 349(b)). Despite LVMPD's alleged wrongful confiscation of her property, Plaintiff states U-Haul paid her a $5,000 settlement after "her late-delivered property was finally recovered." (*Id.* 10:4–7).

Upon moving to Las Vegas, Plaintiff obtained employment. (*Id.* 8:22–24). While at work, Plaintiff's co-workers allegedly teased her by showing her a copy of her booking photo taken by the Washoe County Jail and the Sparks Police Department when Plaintiff was previously arrested. (*Id.* 8:22–9:9). The co-workers' teasing was partially directed at Plaintiff's baldness in the photo, caused by her alopecia. (*Id.*). Plaintiff maintains her booking photo cannot be found online, (*Id.* 9:10), but simultaneously acknowledges the County of Washoe's Sheriff's Office stated her booking photo is a public record which could have been accessed on the County of Washoe's Sheriff's Office website until her term of incarceration ended. (*Id.* 9:9–16).

According to Plaintiff, the County of Washoe's Sheriff's Office stated that because her period of incarceration ended, the only way her booking photo could be released would be either at Plaintiff's own request or in response to a request from the City of Sparks "and/or Sparks Police Department." (*Id.* 8:13–16). Plaintiff asserts it is "possible that [LVMPD] . . . additionally had a hand in the booking photo getting released to [Plaintiff's] new employer[.]" (*Id.* 9:22–24).

Plaintiff generally asserts LVMPD improperly surveils her apartment by sending officers to knock on her door, and has officers follow her whenever she leaves her apartment. (*Id.* 9:14–10:7). Specifically, Plaintiff contends LVMPD sent officers to her apartment on at least two occasions at the behest of her neighbors. (*Id.* 10:21–11:28). Plaintiff, based on LVMPD's response to these calls, "believes there is cooperation between SPARKS POLICE DEPARTMENT and [LVMPD.]" (*Id.* 12:17–18).

Plaintiff further alleges LVMPD intercepts and improperly surveils her internet. She asserts that since February 2022, she "has not been charged anything for internet connection." (*Id.* 10:25–28). Plaintiff avers she called T-Mobile regarding this discrepancy and was told by an unnamed T-Mobile employee that her internet "was paid by a police account" before "the line went dead." (*Id.* 11:3–10).

The Court incorporates the procedural history of this case from LVMPD's Motion to Dismiss. (Mot. Dismiss ("MTD") 6:6–7:18, ECF No. 284). Plaintiff's First Amended Complaint asserts claims against LVMPD for: (1) Unlawful Injury or Loss Suffered by a Vulnerable Person, NRS § 41.1395; (2) Public Disclosure of a Private Fact; (3) Negligence and Gross Negligence; (4) Defamation; (5) Public Records Violations, NRS 239 *et seq.*; (6) Intentional Infliction of Emotional Distress; (7) Civil Conspiracy; (8) Unlawful Discrimination, Harassment, and Retaliation Based on Disability Americans with Disabilities Act and Amendments Act, 42 U.S.C. § 12131 *et seq.* and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; (9) Violation of Plaintiff's Fourth Amendment Rights—Unlawful Search and Seizure; (10) Violation of Plaintiff's Fourteenth Amendment Rights—Substantive and Procedural Due Process; (11) Violation of Plaintiff's Fourteenth Amendment Rights—Equal Protection; (12) 42 U.S.C. § 1981 Impairment of Plaintiff's Equal Rights Under Color of State Law—Protection From Discrimination on the Basis of Race; and (13) 18 U.S.C. §§ 2510-2523 Violations of the Electronic Communications Privacy Act of 1986. (*See generally* FAC).

## II.   <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

1    **III.    DISCUSSION**

2         LVMPD now moves to dismiss all of Plaintiff's federal and state-based causes of

3    action.  Plaintiff did not respond to LVMPD's Motion despite receiving the *Klingele v.*

4    *Eikenberry* and *Rand v. Rowland* Minute Order, (ECF No. 236), informing her of her

5    responsibility to do so. 849 F.2d 409 (9th Cir. 1988); 154 F.3d 952 (9th Cir. 1998).  "On its

6    own, Plaintiff's failure to file points and authorities in opposition to a motion constitutes

7    consent that the motion be granted." *Gonzalez v. Bank of America*, N.A., No. 2:13-cv-00460,

8    2013 WL 3877708, at *2 (D. Nev. July 24, 2013) (citing Local Rule 7-2(d)).  Notwithstanding

9    Plaintiff's failure to oppose the Motion, the Court addresses the merits of LVMPD's Motion as

10   it relates to Plaintiff's federal causes of action.[4]

11        Here, the Court dismisses Plaintiff's federal claims against LVMPD for failure to state a

12   claim upon which relief can be granted.  The Court begins with Plaintiff's claim under the

13   Americans with Disabilities Act and Rehabilitation Act.

14        **A.  Americans With Disabilities Act ("ADA")/Rehabilitation Act ("RA")**

15        Plaintiff brings claims against LVMPD under the ADA and RA.  LVMPD argues

16   Plaintiff has failed to "properly plead her ADA and RA claim[s] because "she failed to

17   sufficiently plead that LVMPD was aware of her disability at the time of the alleged

18   discrimination." (MTD 18:14–16).  The Court addresses Plaintiff's ADA and RA claim

19   together because LVMPD raises the same arguments for both and both "statutes provide

20

21

22   _____

23   [4] The Court evaluates only Plaintiff's federal claims because they serve as the basis for this Court's jurisdiction.
     (Pet. Removal, ECF No. 1).  The Court will provide Plaintiff an opportunity to amend some of her federal claims
24   because it is not clear that amendment is futile.  If Plaintiff is unable to cure the deficiencies identified in this
     Order, the Court will decline to exercise supplemental jurisdiction over her remaining state law claims. *See*
25   *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("We conclude that a district court has discretion to
     remand to state court a removed case involving pendent claims upon a proper determination that retaining
     jurisdiction over the case would be inappropriate.").

identical 'remedies, procedures and rights.'" *Vos v. Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  To prove that a public program or service violates Title II of the ADA, a plaintiff must show: (1) she is a "qualified individual with a disability," (2) she "was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity," and (3) "such exclusion, denial of benefits or discrimination was by reason of [her] disability." *See* 42 U.S.C. § 12132; *Weinreich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

Plaintiff's FAC fails to allege facts that satisfy each requirement under Title II of the ADA.  The Court begins by examining whether Plaintiff adequately alleged she is a qualified individual with a disability.

### a.  Qualified Disability Under the ADA

To establish a cognizable ADA/RA claim, Plaintiff must plead that she has a "physical or mental impairment that substantially limits one or more . . . major life activities," 42 U.S.C. § 12102(1)(A).  "[M]ajor life activities include . . . caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Under *Twombly,* a plaintiff cannot rely on a threadbare recitation of the elements to adequately plead her claim. 550 U.S. at 555.  Thus, Plaintiff is required to provide factual information in support of her assertion that her disabilities limit a major life activity.

Plaintiff alleges she suffers from asthma, alopecia,[5] depression, anxiety, PTSD, paranoia, and hidradenitis suppurativa. (FAC ¶ 15). Plaintiff generally avers her conditions "limit one or more of her major life activities," (*id.* ¶ 410), but does not identify with specificity what activities are limited by her mental health conditions. Plaintiff's statement is inadequate to meet the Rule 8(a) standard because it merely states a necessary element of the claim. Although "[t]he definition of disability . . . shall be construed in favor of broad coverage of individuals . . . to the maximum extent permitted by the terms of [this chapter, 42 U.S.C. § 12102(4)(A)]," Plaintiff must still allege plausible allegations showing *how* her disabilities limit one of more major life activities. *Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1223 (9th Cir. 2022) (emphasis added). Instead, Plaintiff merely states legal conclusions and recites necessary elements in an attempt to satisfy this prerequisite. Thus, Plaintiff has not sufficiently pled facts that support a reasonable inference of culpability as to this element.

The Court would typically stop its analysis of a claim here because Plaintiff failed to establish a necessary element to support a claim under the ADA/RA. However, given Plaintiff's *pro se* status, the Court finds it appropriate to explain to Plaintiff the deficiencies of her FAC regarding the remaining ADA/RA elements so that she may have a chance to correct them.

### b. Discriminated against by the public entity

Plaintiff must plead that she "was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity." Here, Plaintiff alleges that LVMPD "profile[s]' and "prey[s] upon Plaintiff as a disabled American" through its alleged surveillance and harassment of

---

[5] LVMPD argues that alopecia is not a "disability" under the ADA. (MTD 18:8–9). The Court need not determine whether alopecia is a disability at this stage in the proceedings because Plaintiff has failed to plead how *any* of her alleged disabilities limit a major life activity or how LVMPD's alleged actions were by reason of her alleged disabilities.

1  Plaintiff. (FAC ¶ 525).  Thus, Plaintiff has plead sufficient factual matter as to this element to

2  state a claim for relief that is plausible on its face.

3        *c.  Discrimination by reason of disability*

4    As to the third element, Plaintiff has not alleged how LVMPD's purported actions were

5  by reason of her disabilities.  Plaintiff does not allege that LVMPD and its officers were even

6  on notice of her disabilities.  Thus, Plaintiff's FAC lacks factual allegations that would support

7  a reasonable inference of culpability as to this element.

8    In sum, additional allegations are needed for Plaintiff to set forth a cognizable ADA/RA

9  claim.  Accordingly, the Court will DISMISS Plaintiff's ADA and RA claims with leave to

10  amend on this basis.

11  **B.  Electronic Communications Privacy Act ("ECPA")**

12    Plaintiff next asserts a cause of action against LVMPD under the ECPA.  Plaintiff

13  avers her "internet connection has been intercepted by, on information and belief, [LVMPD]."

14  (FAC 10:25–28).  Plaintiff's contention is premised on the fact that her internet has not been

15  disconnected despite her not paying her provider, T-Mobile, since February 2022. (*Id.* 10:27–

16  28).  Plaintiff asserts that when she called T-Mobile, she was told by an unnamed T-Mobile

17  employee that her internet "was paid by a police account" before the "line went dead." (*Id.*

18  11:4–7).

19    The ECPA provides that "any person whose wire, oral, or electronic communication is

20  intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action

21  recover from the person or entity which engaged in that violation such relief as may be

22  appropriate." 18 U.S.C. § 2520.  The ECPA prohibits the intentional interception of wire

23  communications. *See* 18 U.S.C. § 2511(1)(a).  It provides: "Any person who intentionally

24  intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to

25  intercept, any wire, oral, or electronic communication . . . shall be subject to suit . . . ." *Id.*; *see*

*Forsyth v. Barr*, 19 F.3d 1527 (5th Cir.1994); *DirecTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182, 1189 (E.D. Cal. 2005).

The Court recognizes Plaintiff's frustration, but her allegations and personal beliefs are unsupported by facts that make an inference of culpability plausible. "Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. Common sense requires the Court to reject the allegation that LVMPD is exhausting its own time and resources to monitor Plaintiff's internet traffic, all while paying the bill. Considering the inherent implausibility of the allegations, Plaintiff's attempt to hold LVMPD liable under the ECPA does not satisfy the pleading standards of Rule 8, as described in *Iqbal* and *Twombly. See Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 927 (9th Cir. 2013). Plaintiff has not plausibly stated a claim for violation of 18 U.S.C. § 2511. Accordingly, this claim is DISMISSED with prejudice due to its inherent implausibility.

**C. Section 1981**

Plaintiff further argues that LVMPD wrongfully detained, falsely imprisoned, and kidnapped her because of their discriminatory animus toward African-Americans in violation of 42 U.S.C. § 1981. (FAC ¶¶ 668–670).

Section 1981 prohibits racial discrimination through state or private action and requires a showing of intentional discrimination on account of race. *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). It provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, given evidence, and to the full and equal benefit of all laws and proceedings for the security of persons as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions." 42 U.S.C. § 1981(a).

LVMPD argues the viability of Plaintiff's Section 1981 claim ends with her inability to plead an impairment to her right to contract. (MTD 18:20–19:5). The Court agrees with

LVMPD that Plaintiff's FAC fails to allege how it interfered with her right to "make and enforce contracts." 42 U.S.C. § 1981. Accordingly, Plaintiff's Section 1981 claim is dismissed to the extent it is predicated on the existence of a contract between her and LVMPD. *See Castenada v. City of Napa*, 1996 WL 241818, at *2 (N.D. Cal. 1998) (dismissing Section 1981 claims against police officers because the plaintiff failed to allege the existence of any contract with the officers).

Nevertheless, while neither the Ninth Circuit nor the Supreme Court have considered the meaning of the "equal benefit" and "like punishment" clauses of Section 1981, other courts of appeals and district courts in this circuit have found that these clauses protect individuals against racial discrimination by police officers. *See Mahone v. Waddle*, 544 F.2d 1018, 1028 (3d Cir. 1977); *Alexis v. McDonald's Rests. Of Mass.*, *Inc.*, 67 F.3d 341, 348 (1st Cir. 1995); *see also Singh v. Bunch*, No. 1:15-cv-00646, 2017 WL 117857, *6 (E.D. Cal. Jan. 11, 2017) (concluding that the plaintiffs' allegations of defendant's racial discrimination in their law enforcement activities fall within the equal benefit and like punishment clauses of Section 1981) (listing cases that have recognized the same right). Accordingly, it is unclear whether a Section 1981 claim *never* applies to situations of racially motivated physical abuse and misuse of governmental power under the "equal benefits" and "like punishment" clauses of the statute. *See Banks v. Berge*, No. 3:16-cv-02129, 2019 WL 1270925, at *6, *7 (D. Or. Mar. 18, 2019) (internal citations omitted) (explaining that the Ninth Circuit and Supreme Court have not answered this question but all courts of appeals which have considered it have held that "misuse of governmental power motivated by racial animus comes squarely within the 'equal benefit' and 'like punishment' clauses" of Section 1981).

But even assuming Section 1981's viability, Plaintiff's FAC does not adequately allege LVMPD's actions were motivated by Plaintiff's race. Plaintiff summarily alleges that LVMPD and its officers' actions were motivated by race, often based on her own "information and

belief," without additional factual support to make an inference of culpability plausible. *See In re Cutera Sec. Litig*, 610 F.3d 1103, 1108 (9th Cir. 2010) ("[A]llegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim.") (internal citation omitted).  Accordingly, the Court will DISMISS Plaintiff's Section 1981 claim with leave to amend to plead with more particularity the facts that establish LVMPD's alleged violation of Section 1981.

### D. Constitutional Claims

Plaintiff next alleges LVMPD violated her rights under the Equal Protection Clause and Due Process Clauses of the Fourteenth Amendment through its conspiracy to surveil, monitor, and harass her. (FAC ¶¶ 531–546; 596–616; 641–652).  Plaintiff also alleges a Fourth Amendment violation against LVMPD for illegal search and seizure when LVMPD allegedly interfered with the transportation of her U-Haul shipment, released her booking photo to her new employer, and otherwise surveilled and harassed her. (*Id.* ¶¶ 531–546).  These claims are premised on the same conclusory facts already examined by the Court in Plaintiff's previous claims.  For the reasons set forth above, Plaintiff's FAC lacks factual allegations which support a reasonable inference of culpability.  Accordingly, the Court will DISMISS these claims with leave to amend.

### E. *Monell* Claim

Plaintiff's final claim is for *Monell* liability against LVMPD.  "To bring a *Monell* claim, a plaintiff must first prove an underlying constitutional violation." *Khalif v. City of Belvedere*, No. 4:22-cv-04097, 2023 WL 4143266, at *3 (N.D. Cal. May 31, 2023) (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *see also Benas v. Baca*, 159 F. App'x 762, 768 (9th Cir. 2005) ("[A]s the district court correctly concluded, [*Monell*] liability may not be imposed absent an underlying violation of the plaintiff's rights that is related to an

official policy or custom in question."). For the reasons set forth above, Plaintiff has failed to allege an underlying constitutional violation. Accordingly, the Court will DISMISS this claim with leave to amend.

### F. Leave to Amend

Plaintiff did not request leave to amend her FAC. However, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Because it is not clear Plaintiff's federal claims under the ADA/RA, Section 1981, the Fourth and Fourteenth Amendment, and *Monell* cannot be cured by the allegation of other facts, Plaintiff shall be granted one opportunity to file an amended complaint to cure the deficiencies discussed above. The Court finds giving Plaintiff leave to amend particularly appropriate because Plaintiff has not filed an operative amended complaint while the case has been before the federal court.[6] Plaintiff is advised that to state a claim that is plausible on its face, she must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff may not amend her ECPA claim because it is dismissed with prejudice.

### IV.        CONCLUSION

**IT IS HEREBY ORDERED** that LVMPD's Motion to Dismiss, (ECF No. 234), is **GRANTED**. Plaintiff shall have twenty-one (21) days of the date of this Order to file an amended complaint. Any amended complaint should remedy the deficiencies identified in this Order. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's federal claims with prejudice and declining to exercise jurisdiction over her state law claims. The amended complaint should be titled the Second Amended Complaint. Motions

---

[6] Plaintiff attempted to file a Second Amended Complaint without the proper authorization of this Court, and it was stricken from the docket. (*See* Oct. 12, 2023, Order, ECF No. 145).

requesting an extension to file the Second Amended Complaint will not be granted given that (a) Plaintiff repeatedly requests the Court to expedite the case and (b) the Court gave Plaintiff an opportunity to file an amended complaint after she failed to respond the Motion to Dismiss.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Permanent Injunction, (ECF Nos. 248, 312), are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this Court's previous Order, (ECF No. 329), is stricken from the docket.

**DATED** this ___21___ day of November, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT