UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allanna Warren, | Case No. 2:23-cv-00065-GMN-DJA |
| Plaintiff, | |
| v. | Order |
| The City of Las Vegas, Nevada; the County of Clark, Nevada; Las Vegas Metropolitan Police Department, et al. | |
| Defendants. | |

Before the Court is Plaintiff's motion for good faith settlement (ECF No. 331), Defendant's motion to strike (ECF No. 351), Plaintiff's motion for settlement conference (ECF No. 352), Plaintiff's motion for pretrial conference and scheduling order (ECF No. 353), Plaintiff's petition for order to enforce subpoena (ECF No. 354), and Plaintiff's motion to strike (ECF No. 361). The Court addresses these motions in turn.

**I.      Plaintiff's motions for good faith settlement and for settlement conference.**

Plaintiff moves for the Court to either enforce a settlement conference or hold a settlement conference. (ECF Nos. 331, 352). However, as Defendant points out in its response (ECF No. 338), the parties have not entered into any settlement, so there is nothing to enforce. Additionally, Defendant has not indicated its consent to engaging in a settlement conference, so the Court is not convinced that a settlement conference would be an efficient use of time. Ultimately, the Court cannot force a party to settle a lawsuit. *See Rogers v. Guirbino*, No. 11-cv-560-WQH-RFF, 2016 WL 3878163, at \*3 (S.D. Cal. July 18, 2016). Nor can it coerce a party into making an offer to settle. *Sherwin v. Infinity Auto Ins. Co.*, No. 2:11-cv-00043-MMD-GWF, 2013 WL 1182204, at \*3 (D. Nev. Mar. 19, 2013). The Court thus denies Plaintiff's motion for good faith settlement and motion for settlement conference. (ECF Nos. 331, 352).

## II. Defendant's motion to strike.

Defendant moves to strike Plaintiff's amended complaints, which amended complaints she filed without leave of court. (ECF No. 351).[1] The Court gave Plaintiff leave to file an amended complaint on December 12, 2024. (ECF No. 340). Plaintiff filed her second amended complaint that same day. (ECF No. 341). The next day, Plaintiff filed another amended complaint, without moving to amend as required by Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15-1. (ECF No. 342). A little over a week later, Plaintiff filed another amended complaint, again without moving to amend as required by Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15-1. (ECF No. 347). Under Federal Rule of Civil Procedure 12(f), the court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Additionally, under Local Rule IA 10-1(d), the court may strike any document that does not conform to a provision of the Local Rules or any Federal Rule of Civil Procedure. Neither of Plaintiff's amendments were made properly by seeking leave of court through a motion. They are thus immaterial and fail to conform to the Local Rules. The Court grants Defendant's motion to strike them.

## III. Plaintiff's motion for pretrial conference and scheduling order.

Plaintiff moves the Court to hold a pretrial conference and a scheduling conference. (ECF No. 352). However, Federal Rule of Civil Procedure 16(a) provides that a court "may" order the parties to appear for a pretrial conference. The Court declines to do so here. Additionally, Federal Rule of Civil Procedure 16(b)(1) requires the court to enter a scheduling order "after receiving the parties' report under Rule 26(f)" or "after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference." The Court has received no Federal Rule of Civil Procedure 26(f) report, nor has it conducted a scheduling conference. The Court denies Plaintiff's motion.

---

[1] Striking Plaintiff's amended complaints filed without leave of Court is not a dispositive decision because Plaintiff has filed an operative amended complaint at ECF No. 341.

### IV. Plaintiff's petition for order to enforce subpoena.

Plaintiff's has filed a document titled on the docket as "petition for order to enforce subpoena for business records." (ECF No. 354). Plaintiff has simply re-filed a subpoena which the Court already issued. *Compare* (ECF No. 354) *with* (ECF No. 94). She otherwise files no points and authorities regarding any request for relief. *See* LR 7-2(a). The Court denies Plaintiff's petition.

### V. Plaintiff's motion to strike.

Plaintiff moves to strike Defendant's motion to strike, for the Court to grant all of her motions, and for the Court to enter default. (ECF No. 361). The basis for Plaintiff's motion is that Defendant has not responded to her motions. However, the Court exempted Defendant from responding to Plaintiff's motions "unless the Court specifically requests [a response]." (ECF No. 133). The Court did not request that Defendant respond to any of Plaintiff's motions, so that is not a basis for the relief Plaintiff requests. She has provided no other basis for her requests, so the Court denies Plaintiff's motion. (ECF No. 361).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for good faith settlement and motion for settlement conference (ECF Nos. 331, 352) are **denied.**

**IT IS FURTHER ORDERED** that Defendant's motion to strike (ECF No. 351) is **granted.** The Clerk of Court is kindly directed to **strike** Plaintiff's amended complaints filed without leave of Court at ECF Nos. 342 and 347.

**IT IS FURTHER ORDERED** that Plaintiff's motion for pretrial conference and scheduling order (ECF No. 353) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's petition to enforce subpoena (ECF No. 354) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike (ECF No. 361) is **denied.**

DATED: January 13, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE