UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALLANNA WARREN,

                Plaintiff,

vs.

SPARKS POLICE DEPARTMENT, *et al.*,

                Defendants.

Case No.: 2:23-cv-00065-GMN-DJA

**ORDER GRANTING IN PART MOTION TO DISMISS AND ADOPTING R&R**

Pending before the Court is the Second Motion to Dismiss, (ECF No. 349), filed by Defendant Las Vegas Metropolitan Police Department ("LVMPD"). Plaintiff Allanna Warren filed a Response, (ECF No. 359), and Defendant LVMPD filed a Reply, (ECF No. 371). Also pending before the Court is the Report and Recommendation ("R&R") by Magistrate Judge Daniel J. Albregts, (ECF No. 284), recommending that Plaintiff be deemed a vexatious litigant. Plaintiff filed an Objection, (ECF No. 316). Further pending before the Court is the Motion to Vacate the Order and Report and Recommendation, (ECF No. 288), filed by Plaintiff. Defendant LVMPD filed a Response, (ECF No. 294). For the reasons discussed below, the Court **GRANTS, in part, and DENIES, in part,** Defendant LVMPD's Motion to Dismiss, **ADOPTS IN FULL** the R&R, and **DENIES** the Motion to Vacate.

I. <u>BACKGROUND</u>

Plaintiff brings this action against Defendant LVMPD and others[1] asserting various federal and state law claims, alleging that LVMPD is improperly surveilling and stalking her. (*See generally* Sec. Am. Compl. ("SAC"), ECF No. 341).

---

[1] The case was originally brought against 29 Defendants, however, Plaintiff's Second Amended Complaint only names LVMPD, Doe Government Entities, LVMPD Doe Police Officers, and Doe Individuals as Defendants in the case caption. (*See generally* SAC, ECF No. 341).

Magistrate Judge Albregts issued the pending R&R, (ECF No. 284), recommending that the Court deem Plaintiff a vexatious litigant. As the Magistrate Judge explained in his R&R, the Court previously ordered Plaintiff to show cause in writing as to why she should not be declared a vexatious litigant and be subject to a pre-filing injunction for future actions. (Order & R&R 1:12–13, ECF No. 284).

Plaintiff did not respond to the Show Cause Order, but did file numerous appeals, motions, and miscellaneous supplements, affidavits, and exhibits after Magistrate Judge Albregts entered the R&R. One of those appeals was for the Show Cause Order. (*See* Not. of Appeal, ECF No. 134). Plaintiff moved the Court to stay the case pending her appeal, and the Court granted her Motion. (First Mot. Stay Case, ECF No. 153); (Oct. 25, 2023, Min. Order, ECF No. 166). Despite the stay, Plaintiff continued to file exhibits, appeals, and supplements. The Ninth Circuit dismissed Plaintiff's appeal of the Show Cause Order for her failure to prosecute the appeal, and the Court lifted the stay. (*See generally* USCA Order, ECF No. 225); (*See* Apr. 4, 2024, Min. Order, ECF No. 226).

The Court *sua sponte* gave Plaintiff additional time to respond to the Show Cause Order after the stay was lifted, reasoning that "[i]t appears that Plaintiff may have believed the time to respond to the Court's Show Cause Order was tolled by her appeal and the subsequent stay." (Apr. 4., 2024, Min. Order, ECF No. 227). Plaintiff timely filed a Response to the Show Cause Order. (*See* Resp. Show Cause Order, ECF No. 239). In Plaintiff's Response, she did not explain why the Court should not declare her vexatious, despite being ordered to do so. (*See generally id.*). Then in Plaintiff's Objection to the R&R, she argued that she is not vexatious, but instead "utilize[d] her American rights to sue those who have wronged her." (Obj. at 10, ECF No. 316). Plaintiff spends the majority of her Objection arguing for why LVMPD should be declared a vexatious litigant and how the other defendants have wronged her. (*See generally id.*).

1   The Court granted Defendant LVMPD's first Motion to Dismiss, but gave Plaintiff leave to amend her First Amended Complaint.[2] (*See generally* Am. Order Granting Deft.'s Mot. Dismiss 5:2–10, ECF No. 330).  Plaintiff timely filed her SAC alleging violations of several federal and state laws. (*See generally* SAC).  Now Defendant LVMPD moves to dismiss the SAC for failure to state a claim.

**II.    LEGAL STANDARD**

    **A. Motion to Dismiss**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

    **B. Review of R&R**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

---

[2] The First Amended Complaint was filed in the state court proceedings before this case was removed to federal court which was attached to the Petition for Removal, (ECF No. 1).

1  D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo*
2  determination of those portions to which objections are made. *Id.*  The Court may accept, reject,
3  or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.
4  28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

      **C. Vexatious Litigant**

      The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).

      "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.  But the Ninth Circuit has cautioned that vexatious litigant orders are an extreme remedy and should rarely be entered. *Id.*  This is because such an order restricts access to the courts—the litigant's "final safeguard for vitally important constitutional rights." *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1984).  "An injunction cannot issue merely upon a showing of litigiousness.  The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. U.S.*, 906 F.2d 467, 470 (9th Cir. 1990).

      The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Molski*, 500 F.3d at 1057.  "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147.  To determine whether the litigant's conduct is frivolous or harassing, the court evaluates

"both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski,* 500 F.3d at 1059 (quotation omitted).

## III. DISCUSSION

The Court begins by addressing Defendant LVMPD's Motion to Dismiss before turning to whether Plaintiff is a vexatious litigant.

### A. Motion to Dismiss

The Court granted Defendant LVMPD's first Motion to Dismiss, but gave Plaintiff leave to amend her First Amended Complaint. Plaintiff filed a Second Amended Complaint which Defendant LVMPD now moves to dismiss for failure to state a claim because Plaintiff has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; (3) asserted a claim that is barred due to LVMPD's discretionary immunity under NRS 41.032; or (4) failed to plead that the alleged violations of her constitutional rights were the result of any policy, practice, or custom that would permit a *Monell* claim against LVMPD. (Mot. Dismiss 2:15–20, ECF No. 349). Plaintiff's Response fails to respond to any of Defendant LVMPD's arguments and instead only rehashes her general grievances. (*See generally* Resp., ECF No. 359).

The Court has admonished Plaintiff numerous times that "[o]n its own, Plaintiff's failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted." *Gonzalez v. Bank of America*, N.A., No. 2:13-cv-00460, 2013 WL 3877708, at *2 (D. Nev. July 24, 2013) (citing Local Rule 7-2(d)).[3] Because the Court understands that this rule "afford[s] discretion in its application despite its mandatory language," *United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979), and because "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances," *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th

---

[3] (*See e.g.* Am. Order Granting Deft.'s Mot. Dismiss 5:2–10, ECF No. 330); (Minute Order, ECF No. 350); (Minute Order, ECF No. 236).

Cir. 1986), this Court previously addressed the merits of Defendant LVMPD's first Motion to Dismiss and incorporates by reference the Court's discussion of the merits in its Order Granting Defendant's Motion to Dismiss, (ECF No. 330).  Accordingly, Defendant LVMPD's Motion to Dismiss is **GRANTED**.

### B. Vexatious Litigant

The Court does not make the decision to declare someone a vexatious litigant lightly. Accordingly, the Court begins with an evaluation of the process for declaring a party vexatious first, before determining whether Plaintiff is a vexatious litigant.

#### 1. Process

The Court finds that the process for declaring a litigant vexatious has been properly followed.  Prior to declaring a litigant vexatious and entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *See Molski*, 500 F.3d at 1057 (citing *De Long*, 912 F.2d at 1147).  This is a core requirement of due process.  However, this does not necessarily require that a litigant have an opportunity to be heard at an oral hearing regarding the litigant potentially being declared vexatious. *Id.* at 1058–59; *Pac. Harbor Capitol Inc. v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (finding "an opportunity to be heard does not require an oral or evidentiary hearing on the issue. . . [t]he opportunity to brief the issue fully satisfies due process requirements").  Instead, due process requires that the litigant had fair notice that she might potentially be declared a vexatious litigant. *Molski*, 500 F.3d at 1058.

Defendant LVMPD filed a Motion to Declare Plaintiff Vexatious and for a Vexatious Litigant Pre-Filing Order, (ECF No. 82).  Magistrate Judge Albregts denied Defendant's motion in part "to the extent it asks the Court to declare Plaintiff a vexatious litigant without notice and an opportunity to be heard." (Show Cause Order 4:2–5, ECF No. 132).  Magistrate Judge Albregts then ordered Plaintiff to show cause as to why the Court should not deem her

vexatious, giving her both notice and an opportunity to be heard. (*Id.* 16:12–16). Plaintiff submitted her Response to the Show Cause Order, stating she was not a vexatious litigant. (*See* Resp. Show Cause Order at 1, ECF No. 92). Thus, the Court finds that Plaintiff was given notice and an opportunity to be heard.

### 2. Whether Plaintiff is a Vexatious Litigant

The Court finds that Plaintiff is a vexatious litigant. The Ninth Circuit has adopted the Second Circuit's five-factor framework to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation." *Molski*, 500 F.3d at 1057. In doing so, the court should consider five factors: (1) "the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits;" (2) "the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;" (3) "whether the litigant is represented by counsel;" (4) "whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel;" and (5) "whether other sanctions would be adequate to protect the courts and other parties." *Id.* at 1058. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2nd Cir. 1986).

#### a. Plaintiff's History of Litigation

Plaintiff's history of litigation weighs in favor of declaring Plaintiff a vexatious litigant. The Court bases this determination on several considerations. One is the sheer volume of lawsuits filed by Plaintiff. "Although litigiousness alone is insufficient to justify a restriction on filing activities, it is a factor the Court considers indicative of an intent to harass." *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004) (citation omitted). The

Magistrate Judge identified and detailed six actions[4] that Plaintiff filed in the District of Nevada. (Show Cause Order 4:7–7:26). These six actions assert the same set of allegations: that because LVMPD is harboring resentment against Plaintiff as a result of Sparks Police Department arresting her, LVMPD has begun working with Plaintiff's employers, Las Vegas businesses, and with Plaintiff's neighbors, to stalk and humiliate her. In addition, the Court has discovered another case filed by Plaintiff in the District of Nevada after the Show Cause Order and the R&R was issued that alleges Plaintiff was unlawfully arrested by Sparks Police Department in 2020 and as a result, LVMPD has been harassing and surveilling her.[5] This new case is clearly related to the other six actions identified by Magistrate Judge Albregts. Plaintiff has also filed seven other lawsuits in this district that appear to be unrelated, yet Plaintiff still finds a way to incorporate the same general premise that LVMPD is leading a conspiracy to stalk and harass her.[6]

In addition to the 14 cases filed in the District of Nevada in less than two years, Plaintiff has filed at least 70 other cases elsewhere. Plaintiff filed 20 cases in the Superior Court of California for the County of Los Angeles between 2009 and 2015.[7]

---

[4] (1) *Warren v. The Lincoln National Life Insurance Company*, No. 2:23-cv-00601-GMN-EJY; (2) *Warren v. AppleOne, Inc.*, No. 2:23-cv-01370-CDS-EJY; (3) *Warren v. Dollar Tree. AL*, No. 2:23-cv-01377-APG-EJY; (4) *Warren v. Anthem Blue Cross and Blue Shield, Anthem, Anthem BCBS*, No. 2:23-cv-01341-RFB-DJA; (5) *Warren v. Hilton Grand Vacations*, No. 2:23-cv-00988-APG-DJA; (6) *Warren v. Sparks Police Department, et al.*, No. 2:23-cv-00065-GMN-DJA.
[5] *Warren v. LVMPD et al.*, No. 2:24-cv-01568-APG-EJY.
[6] (1) *Warren v. The City of Henderson Nevada, et al*, No. 2:23-cv-01503-GMN-NJK; (2) *Warren v. Walker John & Debra Trust, et al.*, No. 2:23-cv-01504-APG-EJY; (3) *Warren v. Heartland Homeowners Association, et al.*, No. 2:24-cv-00205-APG-MDC; (4) *Warren v. Hilton*, No. 2:24-cv-00678-JAD-NJK; (5) *Warren v. Pentagon Federal Credit Union*, No. 2:23-cv-2007-JADMDC; (6) *Warren v. Pentagon Federal Credit Union*, No. 2:24-cv-00928-JAD-DJA; (7) *Warren v. Southwest Gas, et al.*, No. 2:23-cv-02105-JAD-NJK.
[7] Plaintiff argues that "[i]t is now clear that LVMPD IS stalking PLAINITFF and has stalked her and her civil matters way back including California! . . . California is none of LVMPD's business nor does it pertain to this case but it now proves the stalking PLAINTIFF has been complaining about." (Obj. Suppl. at 15, ECF No. 316-1). One of the factors this Court must consider when deciding whether to declare Plaintiff vexatious is her history of litigation. As such, Plaintiff's lawsuits filed in California pertain to this case.

(Mot. Declare Pl. Vexatious at 15, ECF No. 82).  And since moving to Nevada in 2018, Plaintiff filed at least 50 cases in the Nevada state court system. (*Id.* at 15–17).

Another consideration is the factual similarity of at least seven of the complaints filed by Plaintiff in the District of Nevada.  This too, while not dispositive, is a factor the Court considers indicative of an intent to harass, as it suggests that Plaintiff is filing comparable complaints. *Mandarin Touch Rest.,* 347 F. Supp. 2d at 864.  Plaintiff has sued many of the defendants in this case, individually in separate lawsuits, alleging the same or similar claims and pleading the same or similar facts common to this lawsuit.[8]  Moreover, only one day after the pending R&R was issued, Plaintiff filed another lawsuit against LVMPD and others, alleging substantially similar claims as this case while pleading the same factual allegations.[9]

Most important, however, is the Court's conclusion that the allegations contained in Plaintiff's complaints are largely without merit. *Id*.  Plaintiff has continued to assert many of the same claims, even after their insufficiencies have been explained to Plaintiff.  Plaintiff was ordered to file an Amended Complaint curing these insufficiencies in at least 5 of her 14 cases in this district, including this case.[10]

---

[8] *Warren v. The Lincoln National Life Insurance Company*, No. 2:23-cv-00601-GMN-EJY; *Warren v. AppleOne, Inc.*, No. 2:23-cv-01370-CDS-EJY; *Warren v. Dollar Tree. AL*, No. 2:23-cv-01377-APG-EJY; *Warren v. Anthem Blue Cross and Blue Shield, Anthem, Anthem BCBS*, No. 2:23-cv-01341-RFB-DJA; *Warren v. Hilton Grand Vacations*, No. 2:23-cv-00988-APG-DJA; *Warren v. Sparks Police Department, et al.*, No. 2:23-cv-00065-GMN-DJA; *Warren v. LVMPD et al.*, No. 2:24-cv-01568-APG-EJY.

[9] *Warren v. LVMPD et al.*, No. 2:24-cv-01568-APG-EJY.

[10] *Warren v. Sparks Police Department et al.*, 2:23-cv-00065-GMN-DJA; *Warren v. Anthem Blue Cross and Blue Shield, Anthem, Anthem BCBS*, No. 2:23-cv-01341-RFB-DJA; *Warren v. The City of Henderson Nevada, et al*, No. 2:23-cv-01503-GMN-NJK; *Warren v. Pentagon Federal Credit Union*, No. 2:23-cv-2007-JAD-MDC; *Warren v. Pentagon Federal Credit Union*, No. 2:24-cv-00928-JAD-DJA; *Warren v. Southwest Gas et al.*, 2:23-cv-02105-JAD-NJK.

*b. Plaintiff's Motive in Pursuing Litigation*

On its face, Plaintiff's motive in pursing this case is both financial and justice based.[11] Plaintiff has every right to access the courts, but it appears that Plaintiff is using the court system to complain about every interaction that does not go Plaintiff's way.  By way of example, and as the Magistrate Judge pointed out, Plaintiff has used the instant lawsuit to complain about everything from her former employer not providing personal protective equipment, to her credit score dropping. (Ex. to Reply at 2, ECF No. 31); (Mot. Expedite at 2, Ex. 3 to Mot. Expedite, ECF No. 177-3).  Additionally, Plaintiff's multiple lawsuits and admission in her Response to the Show Cause Order that she has sued her mechanic and her lender after experiencing car problems, supports the conclusion that Plaintiff uses the legal system to address every inconvenience.

Importantly to this factor, Plaintiff does not have an objective good faith expectation of prevailing. *Molski*, 500 F.3d at 1058.  The Court believes that Plaintiff is aware of this because she has not experienced success with her federal cases yet continues to file more.  At least 10 of her 14 cases in this district have concluded, and none of them ended with a favorable outcome for Plaintiff.[12]  Moreover, as outlined in the Show Cause Order, only 3 of Plaintiff's 20 cases

---

[11] Plaintiff seeks damages in excess of $750,000.00 and asserts that LVMPD "will have cut that settlement check sooner or later." (Obj. Order R&R at 4, ECF No. 316).  Moreover, Plaintiff asserts she is using the court system to seek justice against those "who have wronged her." (Obj. Suppl. at 10).

[12] *Warren v. The Lincoln National Life Insurance Company*, No. 2:23-cv-00601-GMN-EJY (judgment entered in favor of defendants); *Warren v. Hilton Grand Vacations*, No. 2:23-cv-00988-APG-DJA (judgment entered in favor of defendant); *Warren v. Anthem Blue Cross and Blue Shield, Anthem, Anthem BCBS*, No. 2:23-cv-01341-RFB-DJA (case dismissed for Plaintiff's failure to comply with court order); *Warren v. Dollar Tree. AL*, No. 2:23-cv-01377-APG-EJY (judgment entered in favor of defendants); *Warren v. The City of Henderson Nevada, et al*, No. 2:23-cv-01503-GMN-NJK (case dismissed for Plaintiff's failure to comply with court order); *Warren v. Hilton*, No. 2:24-cv-00678-JAD-NJK (judgment entered in favor of defendant); *Warren v. Pentagon Federal Credit Union*, No. 2:23-cv-2007-JAD-MDC (case dismissed for Plaintiff's failure to comply with court order); *Warren v. Pentagon Federal Credit Union*, No. 2:24-cv-00928-JAD-DJA (case dismissed for Plaintiff's failure to comply with court order); *Warren v. Southwest Gas et al.*, 2:23-cv-02105-JAD-NJK (case dismissed for Plaintiff's failure to comply with court order); *Warren v. Sparks Police Department, et al.*, No. 2:23-cv-00065-GMN-DJA.

filed in California resulted in a favorable outcome for Plaintiff, and only 1 of Plaintiff's 50 cases in Nevada state court resulted in a favorable outcome for her. (Show Cause Order 8:1–15).  The Court does not find that Plaintiff has a good-faith expectation of prevailing and believes that Plaintiff's true motive in filing all of these lawsuits is to harass the many defendants involved in the lawsuits.

### c. *Whether Plaintiff is Represented by Counsel*

The next factor is whether Plaintiff is represented by counsel.  Plaintiff was previously represented by counsel in the state court case underlying this removed federal action, but she is no longer represented.  Plaintiff discharged her attorney and then sued him. (Mot. to Withdraw Atty. 4:14–25. ECF No. 13).  The relationship between Plaintiff and her attorney broke down before his withdrawal, in part because Plaintiff was taking unilateral actions in her case without contacting her attorney. (Client Email at 2, Ex. 1 to Mot. to Withdraw Atty., ECF No. 13-1).  Courts "are generally protective of pro se litigants," and as such this factor weighs against declaring a plaintiff vexatious if they are pro se. *See Molski*, 347 F. Supp. 2d at 866.  Indeed, it appears that Plaintiff is pro se in each of the 14 cases she filed in this district.  But, as Plaintiff asserts in her Objection, she "was represented by attorneys" in "many of the cases in California." (Obj. Suppl. at 15, ECF No. 316-1).  Because the volume of cases filed by Plaintiff in California is a relevant factor, the Court likewise considers the fact that she was represented in many of her California cases, which would weigh in favor of declaring Plaintiff vexatious.  But it is unknown to the Court whether Plaintiff was represented by counsel in the 50 cases filed in the Nevada state court system.  As such, the Courts finds this to be a neutral factor, not weighing for or against declaring Plaintiff vexatious.

     *d. Whether Plaintiff has Caused Needless Expense/Unnecessary Burden*

  Plaintiff's numerous lawsuits have caused an unnecessary burden on this court, its judges, and its staff. And the duplicative and frivolous filings in her lawsuits have caused needless expense to the parties she has sued. To put the sheer volume of filings into perspective, in the less than two years this case has been active, there have been over 370 docket entries. Most of these entries belong to Plaintiff or were made in response to Plaintiff's constant filings. Plaintiff appeals nearly every order and files improper sur-replies and duplicative motions. Plaintiff's numerous filings in this lawsuit caused such a burden on Defendant that the Court informed Defendant that it "is no longer required to file a response to any subsequent motion filed by Plaintiff unless the Court specifically requests one. . . relieving Defendant of its burden to respond." (Sept. 23, 2023, Min. Order, ECF No. 133).

  In addition, some of Plaintiff's litigation tactics can only be characterized as senseless and unduly burdensome. She has filed at least 14 Motions to Expedite, despite the Court explaining to her that these motions only prolong the litigation process. (Order at 9:3–10:3, ECF No. 145). She has also appealed nearly every Order and Minute Order issued in this case, even though the Ninth Circuit repeatedly explained the procedural deficiencies of Plaintiff's appeals. (*See generally* Orders of USCA, ECF Nos. 23, 71, 225, 257, 258, 302, 333, 346). She also made arguments and filed motions regarding parties that are not part of this lawsuit. (*See e.g.*, Additional Exs. for Walmart, Dollar Tree, Winco, ECF No. 186); (Obj.). Thus, this factor plainly weighs in favor of declaring Plaintiff a vexatious litigant.

     *e. Whether Other Sanctions Would be Adequate*

  The final factor is whether sanctions, other than a pre-filing order, could adequately protect the court and other parties. Magistrate Judge Albregts explained, and this Court agrees, that "Plaintiff's continuous and repetitive lawsuits—and continuous and repetitive filings—demonstrate to the Court that lesser sanctions would not be adequate to protect the courts and

other parties." (Order & R&R 9:11–13). Plaintiff has brought numerous cases about the same or similar factual scenarios, unperturbed by her lack of success in cases like this one. Even after the Magistrate Judge issued his Show Cause Order, Plaintiff filed multiple frivolous appeals, supplements, motions to expedite, and exhibits. Plaintiff did not provide this Court with any explanation or argument for why she should not be deemed vexatious in her Response to the Show Cause Order. Instead, Plaintiff used this opportunity, which was given to her *sua sponte* after she failed to respond to the Show Cause Order by the original deadline, to argue that the Court should declare Defendant as a vexatious litigant, reiterated to the Court that her neighbors are "obsessed" with her, and recounted a story about her being dissatisfied with a mechanic service she received and how she subsequently sued the auto repair shop. (*See generally* Resp. Show Cause Order). Thus, this factor weighs in favor of declaring Plaintiff a vexatious litigant.

In sum, four out of the five factors weigh in favor of declaring Plaintiff vexatious. After a cautious review of the circumstances, the Court concludes that a narrowly drawn pre-filing restriction is the only way to curtail Plaintiff's vexatious behavior without unduly infringing Plaintiff's right to otherwise access this Court. Accordingly, the Court holds that Plaintiff is a vexatious litigant.

### 3. Result of Vexatious Litigant Status

The Court is convinced that a pre-filing order is justified and necessary to prevent Plaintiff from filing any further vexatious complaints. Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Molski*, 500 F.32 at 1056. A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id*. at 1057 (quotation omitted). A pre-filing order is overbroad if it prevents the litigant from filing any suit in the court or applies to a suit against anyone when the record showed the plaintiff was litigious with respect to only one group of defendants. *Id*. at 1061. If a litigant is deemed

vexatious, she will be enjoined from filing any further action or papers in this district without first obtaining leave of the Chief Judge of this court.

Here, Plaintiff is not enjoined from filing all suits in the District of Nevada. But Plaintiff is enjoined from filing suits against those parties whom she has already filed suit against in this district alleging facts consistent with her previous filings, without obtaining leave of the Chief Judge of this Court. Thus, the Court will enter a pre-file order accordingly.

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant LVMPD's Motion to Dismiss, (ECF No. 349), is **GRANTED, in part, and DENIED, in part**. Plaintiff's federal claims are **DISMISSED with prejudice**. Plaintiff's state law claims are **REMANDED** to state court.[13] The Clerk of Court is kindly directed to remand the remaining state law claims to the Eighth Judicial District Court of Clark County and close this case.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that the R&R, (ECF No. 284), is **ACCEPTED AND ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that the Motion to Vacate the Order and Report and Recommendation, (ECF No. 288), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Allanna Warren will be enjoined from filing any further action or papers in the District of Nevada against those parties whom she has already filed suit against in this district alleging facts consistent with her previous filings without first obtaining leave of the Chief Judge. To file such papers in the District of Nevada,

---

[13] The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See . See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 357 (1988) ("We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."); *see also Holt v. First Franklin Fin. Corp.*, No. 10-cv-5929, 2011 WL 4595195, *4 (N.D. Cal. Sept. 30, 2011) ("When the federal claims that served as the basis for jurisdiction are eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action.").

the vexatious litigant must first file an application for leave.  The application must be supported by a declaration of Plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that she has conducted a reasonable investigation of the facts and investigation supports her claim or claims.  A copy of the order deeming the litigant vexatious must be attached to any application.  Failure to fully comply will be sufficient grounds for denial of the application.

**DATED** this __31__ day of January 2025.

_____
Gloria M. Navarro, District Judge
United States District Court